FILED
OCT 3 1 2007
OCT. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSAN FREDRICKSON, )
)
Plaintiff, )
) 07CV 6157
v. ) JUDGE GRADY
) MAGISTRATE JUDGE NOLAN
VILLAGE OF WILLOW SPRINGS, )
ALAN NOWACZYK, and ) Magistrate
ANNETTE KAPTUR, )
)
Defendants. )

## COMPLAINT

Plaintiff, Susan Fredrickson, (FREDRICKSON), by her attorneys, Gaffney & Gaffney, for her Complaint against the Village of Willow Springs (VILLAGE), Alan Nowaczyk, (NOWACZYK), and Annette Kaptur (KAPTUR), states:

### JURISDICTION and VENUE

1. This Complaint is brought pursuant to 42 U.S.C. §1983. Jurisdiction is provided for at 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). This Court has supplemental jurisdiction of Plaintiff's State law actions pursuant to 28 U.S.C. §1367(a).

2. The acts complained of herein all occurred within or near Cook County, Illinois. Venue is proper pursuant to 28 U.S.C. §1391(b).

### PARTIES

3. Susan Fredrickson (FREDRICKSON) is a citizen of the United States and a resident for over forty years of WILLOW SPRINGS, Cook County, Illinois and now resides in Justice, Cook County, Illinois.

4. The Village of Willow Springs (WILLOW SPRINGS) is an Illinois municipal corporation created pursuant to the provisions of the Illinois Municipal Code. 65 ILCS 5/1-1-1 *et seq*. WILLOW SPRINGS is a body politic organized and existing under the Constitutional laws of the State of Illinois and located in Cook County, Illinois. WILLOW SPRINGS is not a home rule municipality under the Illinois Municipal Code.

5. Alan Nowaczyk (NOWACZYK) is a citizen of the United States, a resident of WILLOW SPRINGS, Cook County, Illinois and the current Village President of WILLOW SPRINGS.

6. Annette Kaptur (KAPTUR) is a citizen of the United States, a resident of WILLOW SPRINGS, Cook County, Illinois and a current Village Trustee of WILLOW SPRINGS.

## FACTS

7. As of July, 2007 and for over twelve years previous, FREDRICKSON was the Village Clerk of WILLOW SPRINGS with duties and responsibilities as defined by the Illinois Municipal Code, 65 ILCS 5/3.1-35-90.

8. WILLOW SPRINGS is an Illinois municipality which has in excess of 5,000 inhabitants. As such, FREDRICKSON as Village Clerk of WILLOW SPRINGS, has the same four year term of office as the WILLOW SPRINGS President, a/k/a Mayor, and is only replaceable through the electoral process. 65 ILCS 5/3.1-25-90(a), 65 ILCS 5/3.1-20-5.

9. The WILLOW SPRINGS Village Clerk is not a policy making official or allowed discretion in determining how policies are to be executed. The Village Clerk performs a variety of ministerial tasks as is set forth within the Illinois Municipal Code provisions of 65 ILCS 5/3.1-35-90.

10. On April 5, 2005, an election occurred wherein candidates for mayor and village board of the United Peoples Party a/k/a United Progressive Party of WILLOW SPRINGS vied for office against the incumbent Neighborhood Organization Party of WILLOW SPRINGS. NOWACZYK ran for Mayor under the United Peoples Party against incumbent Mayor Terrance Carr of the Neighborhood Organization Party. NOWACZYK and the other Village Board candidates of the United Peoples Party of WILLOW SPRINGS were elected in April 2005 and assumed control of Village administration. NOWACZYK was elected to a four-year term ending in 2009.

11. FREDRICKSON was known to Mayor NOWACZYK, KAPTUR and other Board members that FREDRICKSON and her family had been friendly with and associated with members of the Neighborhood Organization Party, including some in the prior administration.

12.   Subsequent to his election as Village President, NOWACZYK apprised FREDRICKSON on multiple occasions that he did not believe FREDRICKSON had shown him and his political party sufficient political support and that he believed she remained loyal to the prior administration and to members of the opposition Neighborhood Organization Party.

13.   Between April, 2005 and July, 2007, NOWACZYK and KAPTUR interfered with FREDRICKSON's responsibilities and duties as Village Clerk and made it known to FREDRICKSON that she was undesirable as a result of her alleged affiliation with the former administration and the ousted Neighborhood Organization Party.

14.   On July 13, 2007, NOWACZYK without lawful authority but under color of Illinois law, terminated FREDRICKSON as Village Clerk. On July 17, 2007, NOWACZYK, KAPTUR and other trustees of WILLOW SPRINGS, most or all of whom being members of NOWACZYK's political party, unlawfully replaced FREDRICKSON as Village Clerk with a newly appointed Village Clerk.

15.   FREDRICKSON's First Amendment Constitutionally protected political conduct, speech and association, was a substantial or motivating factor in the decision of NOWACZYK, KAPTUR and the Village Board to terminate and remove FREDRICKSON as Village Clerk.

16.   In addition to FREDRICKSON's Constitutionally protected First Amendment speech, conduct and association of a political nature, FREDRICKSON also engaged in Constitutionally protected First Amendment speech and conduct in the following regards:

A.   After NOWACZYK and members of the United Peoples Party of WILLOW SPRINGS gained control of the Village administration and Village Board in April, 2005, FREDRICKSON attended numerous public Village Board meetings wherein NOWACZYK and other Village Board members cast aspersions and made misrepresentations about what had occurred with the prior administration and decisions made by the previous President and Board. At some of those meetings, FREDRICKSON spoke out as a citizen on public matters regarding what had actually and factually transpired during the prior administration of the Village. As a result, NOWACZYK, KAPTUR and other Village Board members became motivated to terminate FREDRICKSON because FREDRICKSON had openly engaged in public speech on matters of public concern;

B. At public Board meetings and elsewhere, FREDRICKSON made public statements as a citizen on matters of public concern regarding financial issues of WILLOW SPRINGS. NOWACZYK, KAPTUR and other Board members thereafter became motivated to terminate FREDRICKSON as Village Clerk because of her free speech on finance matters;

C. Pursuant to the Illinois Municipal Code, 65 ILCS 5/3.1-35-90(a), it is the statutory duty of the Village Clerk to "attend all meetings of the corporate authorities and keep a full record of their proceedings in the journal." During 2006, NOWACZYK and KAPTUR unlawfully demanded for their personal reasons and political agenda that FREDRICKSON make changes to meeting minutes which occurred at meetings of the Village Board. Many changes demanded by NOWACZYK and KAPTUR were false and inaccurate. NOWACZYK and KAPTUR nevertheless attempted to usurp the statutory duty of the Village Clerk by directing her to make their changes to minutes of Board meetings. Subsequently, FREDRICKSON spoke out at public meetings and to NOWACZYK, KAPTUR, the Village Board and the Village Attorney that she would not participate in the creation, submission or approval of inaccurate meeting minutes. NOWACZYK then retaliated by demanding that FREDRICKSON prepare all Board meeting minutes verbatim, which had never been done before in the history of WILLOW SPRINGS which practice was discontinued after FREDRICKSON was replaced as Village Clerk. NOWACZYK, KAPTUR and members of the Village Board became motivated to terminate and remove FREDRICKSON as Village Clerk because of her free speech regarding meeting minutes.

17. NOWACZYK and KAPTUR also engeged in a campaign of harassment, intimidation, and took action, made demands and threats upon FREDRICKSON so as to prevent FREDRICKSON opportunities for public speech and opportunities to associate or engage in other First Amendment protected political conduct or speech, or otherwise force FREDRICKSON to side with their political party, including, but not limited to, the following:

A. Mandated that FREDRICKSON attend a political election night party at a local restaurant so as to publicly exhibit her political support for NOWACZYK's and KAPTUR's political party;

4

B.  Reprimanded and denigrated by NOWACZYK and Village Board members for not attending a political celebration party even though she was performing other lawful election night responsibilities as Village Clerk until nearly midnight;

C.  Directed by NOWACZYK to not associate with members of the prior Board or administration at the Village Hall even though they had legitimate reasons to be there or request services of the Village Clerk;

D.  Reprimanded and denigrated by NOWACZYK for timely performing her lawful responsibility as Village Clerk pursuant to the Freedom of Information Act because it involved a WILLOW SPRINGS citizen from the rival political party;

E.  FREDRICKSON was reprimanded and denigrated by NOWACZYK for political reasons for her attendance at wakes or funerals of WILLOW SPRINGS residents without his knowledge or attendance;

F.  Reprimanded and denigrated by NOWACZYK for political reasons for assisting a family whose home was destroyed by fire;

G.  Wrongfully accused of and denigrated for allegedly sabotaging the Village newsletter by NOWACZYK for political reasons;

H.  Precluded and prevented FREDRICKSON's involvement in the hiring decision for an accounts payable clerk because NOWACZYK and KAPTUR qualified only those candidates they deemed supported them politically and their political party;

I.  NOWACZYK and KAPTUR plotted to replace the long-standing Associate Clerk for their political reasons without consulting with or advising FREDRICKSON in advance of their plan as presented to the Village Board.

<u>**COUNT I – SECTION 1983**</u>
<u>**First Amendment Violations Pursuant to 42 U.S.C. §1983**</u>

1-17.  FREDRICKSON adopts, realleges, asserts and incorporates herein, the allegations contained in paragraphs 1 through 17, inclusive, as set forth above, as Paragraphs 1 through 17 of Count I of her Complaint.

18.  NOWACZYK and the Village Board have final policy making authority on behalf of WILLOW SPRINGS.

19.  NOWACZYK, KAPTUR and WILLOW SPRINGS took action against FREDRICKSON under color of Illinois law.

5

20. FREDRICKSON has a Constitutionally protected First Amendment right to associate for political reasons, engage in political conduct to maintain political beliefs and engage in political speech. FREDRICKSON also has a First Amendment right to engage in public speech as a citizen on matters of public concern.

21. NOWACZYK and KAPTUR engaged in a campaign of harassment, intimidation and retaliation against FREDRICKSON, which violated her right of free speech as a citizen on matters of public concern and her right to engage in political conduct, political association and political speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution. FREDRICKSON would not have been terminated by NOWACZYK on July 13, 2007 or replaced by NOWACZYK, KAPTUR and the Village Board on July 17, 2007 but for her Constitutionally protected First Amendment public speech, political association, political conduct and political speech which were substantial or motivating factors in those adverse actions.

22. The conduct of NOWACZYK and KAPTUR was willful, wanton, intentional and malicious so as to subject them individually to an award of punitive damages.

23. As a direct and proximate result of the unlawful conduct of WILLOW SPRINGS, NOWACZYK and KAPTUR in violation of 42 U.S.C. §1983, FREDRICKSON has sustained damages including a loss of salary, benefits, loss of earning capacity, severe emotional distress, pain, suffering, loss of enjoyment of life, extreme humiliation, embarrassment and a diminished reputation in the community.

WHEREFORE, SUSAN FREDRICKSON seeks judgment against WILLOW SPRINGS, NOWACZYK and KAPTUR, jointly and severally, for all relief available pursuant to 42 U.S.C. §1983 which includes actual damages, compensatory damages as well as make-whole relief, equitable relief, attorney's fees and litigation expenses and costs of suit pursuant to 42 U.S.C. §1988, plus punitive damages against NOWACZYK and KAPTUR, individually.

**COUNT II – SECTION 1983**
**Fourth and Fourteenth Amendment**
**Due Process Violations Pursuant to 42 U.S.C. §1983**

1-21. FREDRICKSON incorporates, asserts and realleges herein Paragraphs 1 through 21, inclusive, of Count I above as if fully set forth herein, verbatim.

22. FREDRICKSON had a property interest in her longstanding position as Village Clerk of WILLOW SPRINGS. FREDRICKSON also incurred an impairment to a liberty interest, as NOWACZYK's termination on July 13, 2007 and the Board's replacement of FREDRICKSON as Village Clerk on July 17, 2007 impugned her good name, reputation, honor and integrity. Statements made over time, and while FREDRICKSON was terminated and replaced by NOWACZYK, KAPTUR and other Village Board members, wrongfully implicated FREDRICKSON as being at fault for WILLOW SPRINGS financial difficulties.

23. NOWACZYK, KAPTUR and WILLOW SPRINGS deprived FREDRICKSON of both a property interest and a liberty interest without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution. FREDRICKSON received no hearing of any nature or any opportunity to clear her good name.

24. NOWACZYK, KAPTUR and WILLOW SPRINGS deprived FREDRICKSON of a property interest and liberty interest under color of Illinois law.

25. As a direct and proximate result thereof, FREDRICKSON has sustained damages including a loss of salary, benefits, loss of earning capacity, severe emotional distress, pain, suffering, loss of enjoyment of life, extreme humiliation, embarrassment and a diminished reputation in the community.

26. The conduct of NOWACZYK and KAPTUR was willful, wanton, intentional and malicious so as to subject them to an award of punitive damages.

WHEREFORE, SUSAN FREDRICKSON seeks judgment against WILLOW SPRINGS, NOWACZYK and KAPTUR, jointly and severally, for all relief available pursuant to 42 U.S.C. §1983 which includes actual damages, compensatory damages as well as make-whole relief, equitable relief, attorney's fees and litigation expenses and costs of suit pursuant to 42 U.S.C. §1988, plus punitive damages against NOWACZYK and KAPTUR, individually.

### COUNT III – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

1-21. FREDRICKSON incorporates, adopts and realleges herein Paragraphs 1 through 21 above, as if fully set forth herein as Paragraphs 1 through 21, verbatim in this Count III.

22. FREDRICKSON had a reasonable expectancy of an economic advantage by maintaining her position as WILLOW SPRINGS Village Clerk. As FREDRICKSON had been Village Clerk since 1989 and was a qualified and competent Village Clerk. FREDRICKSON

had a reasonable expectation of maintaining her employment relationship as WILLOW SPRINGS Village Clerk and all the economic benefits and earnings attributable to her position as Village Clerk.

23. NOWACZYK and KAPTUR had knowledge of FREDRICKSON's long standing position as WILLOW SPRINGS Village Clerk and were knowledgeable that FREDRICKSON had a reasonable expectancy of an economic advantage by retaining her position as Village Clerk, as well as all the economic benefits attributable to that position.

24. NOWACZYK and KAPTUR purposely interfered with FREDRICKSON's reasonable expectancy of an economic advantage by terminating FREDRICKSON without lawful authority on July 13, 2007 and inducing the Village Board to approve their decision to replace FREDRICKSON as Village Clerk on July 17, 2007.

25. The intentional interference by NOWACZYK and KAPTUR into FREDRICKSON's reasonable expectancy of maintaining her position as Village Clerk, was brought about for illicit and personal motives, as set forth more fully above.

26. As a result of the purposeful interference by NOWACZYK and KAPTUR for improper purposes as set forth above, FREDRICKSON's reasonable expectancy of maintaining an economic advantage from her position as WILLOW SPRINGS Village Clerk was prevented and terminated.

27. The actions of NOWACZYK and KAPTUR were purposeful, intentional, willful, wanton and malicious which should result in an award of punitive damages.

28. As a direct and proximate result thereof, FREDRICKSON has sustained damages, including lost salary, the value of lost benefits, emotional distress, pain, suffering, humiliation, loss of future earning capacity, loss of reputation in the community and loss of enjoyment of life.

WHEREFORE, FREDRICKSON seeks judgment against NOWACZYK and KAPTUR, jointly and severally, for all damages sustained, plus punitive damages and costs of suit.

### COUNT IV – RETALIATORY DISCHARGE

1-17. FREDRICKSON incorporates, adopts and realleges herein Paragraphs 1 through 17 as set forth above as if fully set forth herein, verbatim as Paragraphs 1 through 17 of this Count IV.

18. In Illinois, it is unlawful for a village official to engage in an act of official misconduct. 65 ILCS 5/3.1-35-80; 65 ILCS 5/3.1-55-15; 720 ILCS 5/33-3.

19. When NOWACZYK and KAPTUR directed FREDRICKSON to create false meeting minutes and otherwise attempted to usurp FREDRICKSON's statutory authority as Village Clerk as set forth above, NOWACZYK and KAPTUR engaged in acts which could constitute official misconduct. 65 ILCS 5/3.1-35-80; 65 ILCS 5/3.1-55-15; 720 ILCS 5/33-3.

20. In response to acts of NOWACZYK and KAPTUR which could constitute official misconduct, FREDRICKSON reasonably and in good faith reported those actions to the Village Administrator, Village Board, Village Attorney and at open public meetings.

21. After FREDRICKSON reported the acts of NOWACZYK and KAPTUR that could constitute criminally sanctionable official misconduct, NOWACZYK and KAPTUR retaliated. On July 13, 2007, NOWACZYK without lawful authority terminated FREDRICKSON as Village Clerk. On July 17, 2007, NOWACZYK and KAPTUR used their influence to induce the other trustees of WILLOW SPRINGS to approve NOWACZYK's decision to replace FREDRICKSON as Village Clerk.

22. FREDRICKSON was a qualified and competent Village Clerk who had served as WILLOW SPRINGS Village Clerk for over 12 years and would have continued in that position but for the retaliatory discharge which occurred as a result of FREDRICKSON's whistleblowing activity in reporting acts of potential official misconduct by NOWACZYK and KAPTUR.

23. FREDRICKSON would not have been terminated by NOWACZYK and replaced as Village Clerk of WILLOW SPRINGS but for her legally protectable whistleblowing activity in reporting acts of potential official misconduct.

24. As a direct and proximate result of the retaliatory discharge of FREDRICKSON derived from FREDRICKSON's reporting of acts of potential official misconduct in violation of clearly mandated Illinois public policy, FREDRICKSON has sustained damages including, but not limited to, lost salary, the value of lost benefits, emotional distress, pain, suffering, humiliation, loss of future earning capacity and loss of reputation in the community.

WHEREFORE, FREDRICKSON seeks judgment against WILLOW SPRINGS for all damages sustained, plus costs of suit.

## COUNT V – CIVIL CONSPIRACY

1-24.   FREDRICKSON incorporates, asserts and realleges herein Paragraphs 1 through 23, inclusive of Count IV of this Complaint as Paragraphs 1 through 24 inclusive of this Count V as if fully set forth herein, verbatim.

25.   After NOWACZYK and other members of NOWACZYK's political party obtained control of the WILLOW SPRINGS Village Board and administration in 2005, NOWACZYK and the Village Board removed the prior Village Attorneys and appointed the law firm of Odelson & Sterk, Ltd. as Village Attorneys. Pursuant to WILLOW SPRINGS Ordinance 33-O-2006, the Village Attorneys are appointed by the Village President with the advise and consent of the Board of Trustees and thereafter are subject to dismissal by the Village President with the advise and consent of the Board of Trustees. The position of Village Attorney is lucrative and prestigious. As a result, the law firm of Odelson & Sterk, Ltd. was motivated to assist NOWACZYK, KAPTUR and their political party in achieving their political agenda and maintaining political control of the Village Administration and Village Board.

26.   During 2006, NOWACZYK and KAPTUR established an agreement and understanding that FREDRICKSON be terminated and replaced as Village Clerk.

27.   During 2006, NOWACZYK and KAPTUR engaged the Village Attorneys, the lawyers of Odelson & Sterk, Ltd., to effectuate their agreement to terminate and replace FREDRICKSON as WILLOW SPRINGS Village Clerk.

28.   NOWACZYK and KAPTUR, with the advice and assistance of the Village Attorneys, performed the above stated tortious and unlawful acts in furtherance of their agreement to terminate and replace FREDRICKSON as WILLOW SPRINGS Village Clerk.

29.   As set forth more fully above, the agreement and scheme of NOWACZYK and KAPTUR to terminate and replace FREDRICKSON was for an unlawful purpose.

30.   As set forth more fully above, the agreement and scheme of NOWACZYK and KAPTUR to terminate and replace FREDRICKSON was accomplished through unlawful means.

31.   NOWACZYK and KAPTUR effectuated their agreement and scheme by NOWACZYK's termination of FREDRICKSON on July 13, 2007 and their ability to obtain the consent of the Village Board in approving FREDRICKSON's replacement on July 17, 2007.

32. As a direct and proximate result thereof, FREDRICKSON has sustained damages including loss of salary, benefits, emotional distress, humiliation, embarrassment, loss of future earning potential, loss of reputation in the community, pain, suffering and loss of enjoyment of life.

33. The conduct of NOWACZYK and KAPTUR was intentional, malicious, willful and wanton, which requires an award of punitive damages in addition to compensatory damages.

WHEREFORE, FREDRICKSON seeks judgment against NOWACZYK and KAPTUR, jointly and severally, for all damages sustained, plus punitive damages and costs of suit.

## COUNT VI – MANDAMUS

1-11. FREDRICKSON incorporates herein Paragraphs 1 through 11, inclusive, as set forth above, as if fully set forth herein, verbatim, within this Count VI.

12. WILLOW SPRINGS, NOWACZYK and KAPTUR have a clear duty and obligation to comply with the provisions of the Illinois Municipal Code. 65 ILCS 5/1-1-1 *et seq*.

13. NOWACZYK had no lawful authority to terminate FREDRICKSON on July 13, 2007 and FREDRICKSON is entitled under Illinois law to an Order of Mandamus reversing the unauthorized termination of FREDRICKSON's employment and her position as Village Clerk, which occurred on July 13, 2007.

14. NOWACZYK, KAPTUR and the WILLOW SPRINGS Village Board did not have lawful authority to replace FREDRICKSON as Village Clerk on July 17, 2007.

15. As WILLOW SPRINGS is an Illinois municipality with in excess of 5,000 residents, FREDRICKSON, as WILLOW SPRINGS Village Clerk, should only be replaced through the electoral process. 65 ILCS 5/3.1-25-90(a); 65 ILCS 5/3.1-20-5.

16. WILLOW SPRINGS, NOWACZYK and KAPTUR have a clear duty and obligation to reinstate FREDRICKSON to the position of WILLOW SPRINGS Village Clerk until an election occurs, pursuant to the Illinois Municipal Code.

17. FREDRICKSON has no other adequate remedy at law and an Order of Mandamus is the appropriate remedy requiring a public officer to comply with the provisions of the Illinois Municipal Code.

WHEREFORE, FREDRICKSON seeks the following relief:

A. An Order of Mandamus requiring the WILLOW SPRINGS public officials to reinstate FREDRICKSON to her position as WILLOW SPRINGS Village Clerk;

B. An Order of Mandamus requiring the WILLOW SPRINGS Village officials to comply with the provisions of the Illinois Municipal Code pertaining to the tenure of the position of WILLOW SPRINGS Village Clerk;

C. An Order requiring the WILLOW SPRINGS Village officials to conduct a public election for the position of Village Clerk to occur pursuant to the express terms of the Illinois Municipal Code;

D. An Order providing FREDRICKSON with other equitable relief including restitution for her losses derived from her unlawful removal as Village Clerk, and such other injunctive and equitable relief as is required by law and this Court deems just;

E. Costs of suit.

_____
Glenn R. Gaffney
Attorney for Susan Fredrickson


## JURY DEMAND

Susan Fredrickson demands trial by jury on Counts I through V, inclusive.

_____
Glenn R. Gaffney
Attorney for Susan Fredrickson


Glenn R. Gaffney (6180598)
Justin R. Gaffney (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200