## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Susan Fredrickson, | ) | |
| Plaintiff, | ) | Case No. 07C 6157 |
| v. | ) | |
| | ) | Judge John F. Grady |
| Village of Willow Springs, Alan Nowaczyk | ) | |
| and Annette Kaptur, | ) | Magistrate Judge Nolan |
| Defendants. | ) | |

### MOTION TO DISMISS

Now come defendants Alan Nowaczyk and Annette Kaptur, by their attorney John B. Murphey, and the Village of Willow Springs, by its attorneys, Burton S. Odelson, Michael McGrath, Odelson & Sterk, Ltd., and pursuant to FRCP 12(b)(6) move to dismiss Counts I-VI, inclusive, of the Complaint herein. In support of this Motion, defendants state:

### SUMMARY OF COMPLAINT'S ALLEGATIONS

1.      Plaintiff alleges that she was the Village Clerk of the Village of Willow Springs from approximately 1995-2007 (pars. 7-8).

2.      Plaintiff further alleges that the office of Village Clerk is elective in nature, "has the same four year term of office as the Willow Springs President, a/k/a Mayor, and is only replaceable through the electoral process."  (par. 8).

3.      Plaintiff further alleges that following the April 2005 election, defendant Nowaczyk was elected to the office of Village President and defendant Kaptur was elected to the office of Village Trustee (par. 5-6, 10).

4.      Plaintiff next alleges that Defendants unlawfully removed her from her office as Village Clerk on or about July 13, 2007 (par. 14).

5.      Plaintiff further alleges that (par. 15) that Plaintiff's removal as Village Clerk was done in retaliation for protected speech.

6.      Paragraphs 16-17 allege that during Plaintiff's term of office, the Defendants harassed, "reprimanded and denigrated" Plaintiff.

7.      Paragraph 13 specifically alleges that Defendants engaged in this misconduct because Plaintiff was affiliated with a different political party than the individual Defendants.

8.      Count I seeks to allege a First Amendment violation.  Count II seeks to allege a due process property interest and liberty interest claim.  Counts III-IV seek to allege tort claims under Illinois law.  Count IV seeks to allege a civil conspiracy claim under Illinois law.  Finally, Count VI seeks an order of mandamus restoring Plaintiff to her office of Village Clerk.

## <u>REASONS WHY THE COMPLAINT SHOULD BE DISMISSED</u>

9.      In a 12(b)(6) motion, this Court make take judicial notice of matters appearing from public record.  <u>Palay v. United States,</u> 349 F.3d 418, 425, n.5 (7th Cir. 2003); <u>Anderson v. Simon</u>, 217 F.3d 472, 474-5 (7th Cir. 2000).

10.     Attached hereto as **Group Exhibit 1** is a copy of applicable provisions of the Willow Springs Village Code dealing with the appointment, term, and duties of the office of Village Clerk, publicly available on line at www.sterlingcodifiers.com/Il/Willow%20Springs/index.htm.

11.     As set forth therein and as authorized by 65 ILCS 5/3.1-25-90, the position of Village Clerk in Willow Springs is not an elective office. It is, and for many years has been, an appointed office.  The Village Clerk is appointed to office by the Village President with the concurrence of the Village Board of Trustees.  See Section 1-5C-1.  The Village Clerk's term of office is one year.  Section 1-5C-2.

12.     The predicate of Plaintiff's state and federal claims is inexcusably erroneous. Plaintiff's position is not an elective office; rather, it is an appointed office.

13.     Attached hereto as **Group Exhibit 2** are true and correct excerpts of minutes of the President and Board of Trustees of the Village of Willow Springs evidencing Plaintiff's annual appointment as Village Clerk during various years of her appointment.

14.     Plaintiff undoubtedly knows she acted in an appointed position. Plaintiff has executed countless certifications that she was the appointed Village Clerk. Attached hereto as **Group Exhibit 3** are true and correct copies of ordinance certifications wherein Plaintiff certifies that she was the Village of Willow Springs <u>appointed</u> clerk.

15.     As a matter of law, the office of Village Clerk is exempt from First Amendment retaliatory nonrenewal claims. Therefore, Count I should be dismissed.

16.     As a matter of law, an appointed officeholder possesses neither a property interest nor a liberty interest in that appointive office for due process purposes. In the alternative, Plaintiff has made no allegations of any stigmatizing statements made in conjunction with the nonrenewal of Plaintiff's appointment as Village Clerk so as to state a liberty interest claim. Accordingly, Count II should be dismissed.

17.     As a matter of law, Kaptur cannot be liable under any theory with respect to Plaintiff's non-appointment because the appointing authority lies solely with the Village President. As a Village Trustee, Kaptur has no appointment authority.

18.     Both Nowaczyk and Kaptur are entitled to qualified immunity. As to Count I, the law is not clearly established that political affiliation may not be taken into consideration with respect to the appointment and removal of individuals to the office of municipal clerk. As to Count II, the law is not clearly established that the holder of the office of municipal clerk

possesses either a property interest or liberty interest such that the holder is entitled to a hearing (the essence of a due process claim) prior to the nonrenewal of her appointment to that office.

19.     Should the Court grant this Motion as to the federal claims, the Court should thereupon decline to exercise supplemental jurisdiction over the Illinois law claims as set forth in Counts III-VI, inclusive.

20.     Should the Court consider the Illinois law claims:

A.     Count III fails to state a claim for tortious interference with prospective economic advantage.  As a matter of law, the holder of an appointive municipal office cannot have a reasonable expectation of a future economic advantage with the appointing authority. In addition, Illinois law with respect to tortious interference does not apply to officeholders.

B.     Count IV fails to state a claim under Illinois law for retaliatory discharge.  The holder of a public office is not an employee for purposes of a retaliatory discharge claim. Furthermore, as a matter of law, a nonrenewal of an appointment to a public office is not a "discharge" of an employee for purposes of a retaliatory discharge claim.

C.     Count V fails to state a clam for civil conspiracy under Illinois law.  As a matter of law, two members of a municipal governing body are incapable of conspiring. Illinois law does not recognize an intra-corporate conspiracy.

D.     Count VI fails to state a claim for mandamus under Illinois law because the appointment of a municipal officeholder is a matter of discretion, in which case mandamus does not lie.

E.     The Village and the individual Defendants are also immune from any tort liability arising out of the nonrenewal of Plaintiff's appointment by virtue of the following Sections of the Illinois Tort Immunity Act, 745 ILCS 10/1-101 et seq:

      i.       Section 2-109.

      ii.     Section 2-201.

     D.     Because the "employer," if any, of Plaintiff is the municipal corporation, the individual defendants cannot be liable for retaliatory discharge.

     WHEREFORE, Defendants pray that the Complaint be dismissed, and that Defendants be awarded their costs and attorneys pursuant to FRCP 11 for Plaintiff's knowingly false allegations regarding her status as an elected official.

Alan Nowaczyk and Annette Kaptur

By:_____/s/ John B. Murphey_____


Village of Willow Springs

By:___/s/  Michael J. McGrath_____


JOHN B. MURPHEY
ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191

Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678
Fax (708) 425-1898

G:\rmcj\Willow Springs\Motion To Dismiss.doc

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Glenn R. Gaffney | Michael J. McGrath |
| Justin R. Gaffney | Burton S. Odelson |
| Gaffney & Associates | Michael Joseph Hayes, Jr. |
| 1771 Bloomingdale Road | Odelson & Sterk, Ltd. |
| Glendale Heights, Ill. 60139 | 3318 West 95th Street |
| | Evergreen Park, Ill. 60805 |

        /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191