IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN FREDRICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 CV 6157 |
| v. ) | |
| ) | Judge John F. Grady |
| VILLAGE OF WILLOW SPRINGS, ) | |
| ALAN NOWACZYK, and ) | Magistrate Judge Nan R. Nolan |
| ANNETTE KAPTUR, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
FRCP 11 MOTION FOR SANCTIONS**

Plaintiff, SUSAN FREDRICKSON, by her attorney, Glenn R. Gaffney, for her Response to Defendants' FRCP Rule 11 Motion for Sanctions, states:

1. Defendants' Motion for Sanctions is not only premature but also is a highly inappropriate attempt to chill Plaintiff's pursuit of her legal theories. Plaintiff has a reasonable and good faith argument based upon her interpretation of an Illinois statute regarding the position of village clerk. This is a matter of first impression as no Illinois court has rendered an opinion pertaining to the proper interpretation of the statute. The applicable Illinois statutes which must be read in *pari materia* require the Village of Willow Springs to elect a village clerk, as its population now exceeds 5,000 inhabitants. Plaintiff's pleading makes no factual misstatements. Plaintiff's pleading merely sets forth her position regarding a proper interpretation of the Illinois statute.

2. Prior to filing suit, a series of communications occurred between Plaintiff's counsel and Defense counsel. (See attached Exhibits A and B.) On October 9, 2007, Mr. McGrath's response letter explaining Plaintiff's interpretation of the Illinois statute was, "Thank

you for the insight into the Illinois Municipal Code. The Village of Willow Springs, however, declines your demand to restore your client to the position of Village Clerk." (Exhibit B). Also attached as Exhibit C is Plaintiff's Response to Defendant's suggested Motion for Sanctions which again outlines the legal issue at hand.

    3.    As of the filing of Defendants' Motions for Sanctions, Defendants have failed to cite one legal authority or make any legal argument by letter, pleading or motion suggesting that Plaintiff's interpretation of the Illinois statute is in error. This Court has granted Defendants time within which to file a memorandum in support of its FRCP 12(b)(6) motion, and Defendants have not yet filed any law supporting their legal argument. Even assuming *arguendo* that Defendants' legal interpretation is accurate, FREDRICKSON's exercise of her legal rights to have a dispute resolved in Federal Court is not an abuse of the judicial process. See, *Indianapolis Colts v. Mayor and City Council*, 775 F.2d 177, 182 (7th Cir. 1985). A pleading does not prompt a Rule 11 sanction if a legal argument is a question of first impression or an otherwise unsettled legal issue. *Painewebber, Inc. v. Can Am Financial Group, Ltd.*, 121 F.R.D. 324, 333 (N.D. Ill. 1988). Courts must be careful not to chill creativity or objectively reasonable efforts to extend or change the law. *Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429, 1437 (7th Cir. 1987). When an argument has a colorable basis under existing law or via a proposed extension or modification of existing law, it will not be sanctionable. *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 686 F.Supp. 1319, 1351 (N.D. Ill. 1988). Plaintiff's argument pertaining to the subject statute is logical and has a practical appeal which precludes any consideration of sanctions. See, *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 30 F.Supp.2d 1076, 1079 (C.D. Ill. 1988); see, *National Wrecking Co. v. International Broth. of Teamsters, Local 731*, 990 F.2d 957, 962 (7th Cir. 1993).

WHEREFORE, Plaintiff requests that Defendants' FRCP 11 Motion for Sanctions be denied.

                                      Respectfully submitted,

                                      /s/Glenn R. Gaffney
                                      Glenn R. Gaffney
                                      Attorney for Susan Fredrickson

## CERTIFICATE OF SERVICE

Justin R. Gaffney certifies that on January 8, 2008, he e-filed the above and foregoing via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

                                      /s/ Justin R. Gaffney
                                      Justin R. Gaffney
                                      Attorney for Plaintiff

Glenn R. Gaffney  (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
Attorney No. 6180598
(630) 462-1200