# Gaffney & Gaffney

Attorneys and Counselors at Law

Glenn R. Gaffney, Principal
Justin R. Gaffney, Associate

1771 BLOOMINGDALE ROAD
GLENDALE HEIGHTS, IL 60139
PHONE (630) 462-1200
FAX (630) 462-7698
E-MAIL grgaffney@EEAdvocate.com

October 1, 2007

**By Fax (708) 425-1898 and First Class Mail**

Burton S. Odelson, Esq.
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805

Re:  Sue Fredrickson and the Village of Willow Springs

Dear Mr. Odelson:

Demand is hereby made upon the Village of Willow Springs to restore Susan Fredrickson to the position of Village Clerk. Mayor Nowaczyk did not have lawful authority to remove Ms. Fredrickson as Village Clerk. Willow Springs is a municipality which has in excess of 5,000 inhabitants. Pursuant to 65 ILCS 5/3.1-25-90, the village clerk can only be replaced through the election process. The term of the village clerk pursuant to statute is the same term as the village president, which in the case of Willow Springs is a four-year term ending April, 2009. Ms. Fredrickson remains the clerk until her replacement is duly elected per statute.

In addition to the foregoing, there have been violations by the Village President and at least one trustee pursuant to 65 ILCS 5/3.1-55-15 and 65 ILCS 5/3.1-35-80. The President and at least one trustee have unlawfully usurped the authority of the Village Clerk. In response, Ms. Fredrickson engaged in legally protectable whistle blowing activity. As a direct and proximate result thereof, her position as Village Clerk was terminated.

As the usurpation of a village clerk's legal responsibilities for personal political motive constitutes a violation of clearly mandated Illinois public policy, Ms. Fredrickson has a cause of action for retaliatory discharge. Additionally, she has causes of action for defamation, intentional interference with contractual expectancy and viable claims pursuant to Section 1983.

Sincerely,

Glenn R. Gaffney

GRG/kb

c Sue Fredrickson

EXHIBIT A

```
                    TRANSACTION REPORT
                    2007/OCT/02/TUE 13:24

FAX(TX)
#  | DATE   | START T. | RECEIVER   | COM.TIME | PAGE | TYPE/NOTE | FILE
01 | OCT/02 | 13:23    | 17084251898| 0:01:27  | 2    | OK    G3  | 4923
```

P.01/01





BURTON S. ODELSON
MARK H. STERK
MICHAEL R. GIBSON
MICHAEL J. McGRATH
AMY E. ZAIF
FELICIA L. FRAZIER
TIFFANY A. NELSON
SAFAA ZARZOUR
KEVIN P. CAMDEN
OF COUNSEL
RANDOLPH C. GREUNE

October 9, 2007

**VIA FACSIMILE & US MAIL**

Mr. Glen R. Gaffney
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139

Re: Sue Fredrickson

Dear Mr. Gaffney:

I am responding to your October 2, 2007 correspondence. Thank you for the insight into the Illinois Municipal Code. The Village of Willow Springs, however, declines your demand to restore your client to the position of Village Clerk.

Your correspondence claims that the Village President and at least one Trustee have committed misconduct, malfeasance, and otherwise acted illegally. Your claim is unsubstantiated by any specific allegations. Your allegations are completely false. On behalf of Mayor Nowaczyk and the Board of Trustees, I request that you cease and desist from making any further defamatory comments. The Village is prepared to take all necessary legal action in the event of any future defamatory publications.

Yours very truly,

ODELSON & STERK, LTD.

Michael J. McGrath

cc: Mayor Nowaczyk
Clerk Peterson
Board of Trustees
Burt Odelson

3318 WEST 95TH STREET • EVERGREEN PARK, IL 60805
(708) 424-5678 • FAX (708) 425-1898
www.odelsonsterk.com



# Gaffney & Gaffney
Attorneys and Counselors at Law

Glenn R. Gaffney, Principal
Justin R. Gaffney, Associate

1771 BLOOMINGDALE ROAD
GLENDALE HEIGHTS, IL 60139
PHONE (630) 462-1200
FAX (630) 462-7698
E-MAIL grgaffney@EEAdvocate.com

December 3, 2007

Michael J. Hayes, Jr., Esq.
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805

Re:  Sue Fredrickson v. Village of Willow Springs
     Case No. 07 C 6157

Dear Mr. Hayes:

In response to your correspondence of November 30, 2007, and suggested Motion for Sanctions, request is made for a copy of all the exhibits referenced within the Motion. Additionally, your proposed Motion details a history of Sue Fredrickson as an appointed Village clerk. Plaintiff's Complaint at paragraph eight does not assert otherwise. Rather, Plaintiff raises an issue of law based upon the fact that Fredrickson was clerk once the municipality had in excess of 5,000 inhabitants and pursuant to the Illinois statutes, her term of office for such a municipality was then to last for the same term as the Village mayor and subject to replacement through the electoral process. This issue is a matter of first impression in the State of Illinois. My research has uncovered no case law supporting the Village's position that a referendum is required to elect a Village clerk after a municipality increases in population above the 5,000 inhabitant threshold. A fair reading of 65 ILCS 5/3.1-25-90(a) is that a village has authority to appoint the village clerk until the village surpasses the 5,000 inhabitant threshold, at which point the village clerk is to be elected at the same time as the next regularly scheduled mayoral election. 65 ILCS 5/3.1-20-5. To the extent you have any authority to the contrary, please advise.

Additionally, your proposed motion is inaccurate in that Fredrickson's statutory interpretation is only an essential element of Count VI – Mandamus. Liability can be established on all other counts to the Complaint regardless of the determination on the allegation that a clerk in Willow Springs is now to be replaced only through the electoral process.

Finally, I am certain that you are aware that filing an inappropriate Motion for Sanctions can be sanctionable conduct.

Sincerely,

Glenn R. Gaffney

GRG/kb
c  Susan Fredrickson

EXHIBIT C.