UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Susan Fredrickson, ) | Case No. 07C 6157 |
| Plaintiff, ) | |
| v. ) | Judge Grady |
| ) | |
| Village of Willow Springs, Alan Nowaczyk ) | Magistrate Judge Nolan |
| and Annette Kaptur, ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.     Introduction**

For a number of years, plaintiff was the Village Clerk for the Village of Willow Springs, serving pursuant to annual appointments by the Village President.[1] Plaintiff is also a member of a local political party in Willow Springs called the "Neighborhood Organization Party." Cplt. ¶11. In 2005, candidates from an opposition party called the "United Peoples Party" were elected to the office of Mayor and Village Board. Alan Nowaczyk was elected Mayor. Cplt. ¶10.

In 2007, Mayor Nowaczyk decided not to reappoint Plaintiff to the position of Village Clerk, thereby prompting her to file this lawsuit. Defendants have filed a comprehensive Motion to Dismiss both the federal and state claims. This Court ordered briefing limited to the federal claims. For the reasons set forth below, the federal claims should be dismissed in their entirety, and this Court should decline to accept supplemental jurisdiction over the state law claims.

**II.     Illinois Law And The Office Of Village Clerk**

In most Illinois municipalities, the position of city clerk or village clerk is an elective one. The clerk serves a four-year term. 65 ILCS 5/3.1-25-90. Naturally, there can never be any

---

[1] Inexplicably, Plaintiff claims that she is an elected official. As the exhibits attached to our Motion indicate, she knows better.

civil rights litigation regarding the removal of an elective clerk because the voters make that decision.

Illinois has a "small municipality" exception. Municipalities with a population under 5,000 have the authority to adopt an ordinance making the position of village clerk an appointed one. If the municipality opts for this approach, the Village President makes this appointment, subject to the advice and consent of the Village Board. 65 ILCS 5/3.1-25-90(a). Willow Springs exercised that option and the Village Clerk's position is appointive, made annually by the Village President, with the advice and consent of the Village Board (See Motion to Dismiss Exhibit 1, Section 1-5C-1, 1-5C-2 of the Willow Springs Municipal Code).

The duties of a municipal clerk are prescribed both by statute and ordinance. Statutorily, she is responsible for keeping and maintaining all of the records of the municipality. 65 ILCS 5/3.1-35-90. In Willow Springs she has various other duties, including being designated a department head and having a deputy assistant (See, e.g., Ex. 1, §1-5C-3; Ex. 2, Minutes of 6-28-01 meeting, at 2).

One of the most important duties possessed by the Clerk- at least for purposes of this lawsuit - is her obligation to attend all meetings and to keep minutes both of open session meetings, as well as executive or closed session meetings, pursuant to the Illinois Open Meetings Act. 5 ILCS 120/1 et seq. ("OMA"). The Clerk is responsible for keeping minutes of all meetings. 5 ILCS 120/2.06. Under Section 2(c) of OMA, 5 ILCS 120/2(c), a public body such as a village board may go into closed or executive session in order to discuss sensitive matters such as property acquisition, pending litigation, collective bargaining strategies, the hiring and firing of employees, and the like. Under Illinois law, the clerk must attend and record all executive sessions. 2000 Ill. Atty. Gen. Op. 004 (2000) ("Because minutes of closed meetings must be kept and it is a statutory duty of the clerk to keep those minutes, it is my opinion that the

clerk must be permitted to be present at closed as well as open meetings of the board for purpose of taking minutes. The … board cannot … prohibit the clerk from attending meetings for the purpose of carrying out this duty.").

The clerk attends all executive sessions, takes the minutes, preserves those minutes, and is responsible for maintaining the confidentiality not only of the minutes, but also the statutorily required tape recordings of closed sessions. 5 ILCS 120/2.06(a). The clerk must make minutes available to the public within seven days after their approval and must maintain the verbatim record of all closed meetings for at least 18 months. Section 2.06(c).

By virtue of her statutory obligations, the Village Clerk has access to the most confidential and sensitive information dealing with the operation of Village government. If the Village Board goes into closed session to discuss how to settle a lawsuit, or how much to offer to buy property, or how to respond to a union wage demand on a long-term strategic basis, the Clerk has authorized access to all such sensitive policy deliberations of her appointing authority.

### III. The Complaint Fails to State A Due Process Property Interest Or Liberty Interest Claim

In order to have a property interest in a public employment or public office, there must be mutually explicit rules or understandings between the parties. Krieg v. Seybold, 481 F.3d 512, 519 (7th Cir. 2007). Absent such understandings (either by way of a statute, ordinance, contract or policy), an employee has at most a unilateral expectation, which is insufficient to create a property interest. Ulichny v. Merton Community School District, 249 F.3d 686, 700 (7th Cir. 2001); Allen v. Martin, 460F.3d 939, 946 (7th Cir. 2006).

Nothing in either 65 ILCS 5/3.1-25-90(a) or the local ordinance creates any legitimate claim of entitlement to a reappointment to the position of village clerk once the incumbent's term has expired. A unilateral expectation "will not suffice" to create a protected property interest

because a property interest is not legally cognizable unless that person has a legitimate claim of entitlement to it. <u>Deen v. Darosa</u>, 414 F.3d 731, 734 (7th Cir. 2005).

Plaintiff's property interest claim is foreclosed by the Seventh Circuit's analysis in <u>Pleva v. Norquist</u>, 195 F.3d 905 (7th Cir. 1999). The <u>Pleva</u> plaintiff was a member of a board of zoning appeals (BOZA) by appointment of the mayor. The mayor chose not to reappoint him to the position. In rejecting plaintiff's property interest claim with respect to reappointment, the Seventh Circuit relied on the familiar principle set forth in <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972), that when an appointment contains no provision for reappointment, there was "'absolutely no possible claim of entitlement to reemployment.'" 195 F.3d at 914. <u>Pleva</u> further found that because "the statute and ordinance creating the board do not contain provisions for reappointment of its members after expiration of the three year term … Pleva had no valid expectation of continued employment secured by statute." 195 F.3d at 914.

Section 3.1-25-90(a) of the Illinois Municipal Code simply authorizes the village president (mayor) to appoint a clerk with the concurrence of the village board. The statute does not create any claim of entitlement to reappointment so as to create a property interest. Similarly, Section 1-5c-2 of the Village Code specifies "the term of office of the village clerk shall be for one year commencing May 1 … and shall terminate on April 30 of the following year." There is no basis for Plaintiff to claim that she has a property interest in a renewed appointment. Accordingly, the due process property interest claim should be dismissed.

Plaintiff's liberty interest claim similarly fails. A public employee without a property interest may nevertheless have a liberty interest in continued employment. When a government employer terminates the employment of an individual and in so doing casts doubt on that individual's good name, reputation, honor or integrity in such a manner that it becomes virtually impossible for that person to find new employment in her chosen field, "the government has

infringed upon that individual's liberty interest to pursue the occupation of [her] choice." Boyd v. Owen, 481 F.3d 520, 524 (7th Cir. 2007). In order to state a liberty interest claim, a party must allege that a public official made false defamatory statements of fact about the plaintiff and the reason for her terminations so as to make it virtually impossible for that person to find new employment. Fenje v. Feld, 398 F.3d 620, 627 (7th Cir. 2005).

In the present case, plaintiff has not alleged a liberty interest claim in connection with her nonrenewal. Paragraph 14 alleges only that on July 13, 2007, plaintiff was replaced. There are no allegations that either the Village President or any other member of the corporate authorities made any stigmatizing comments of any kind in connection with the nonrenewal of the appointment. Nowhere in the Complaint are there any allegations with respect to stigmatizing allegations made in connection with the nonrenewal. See Paul v. Davis, 424 U.S. 663, 710 (1976) (alleged defamatory statements must be made during the course of an employment termination to be actionable); Patterson v. City of Utica, 370 F.3d 322, 330 (2nd Cir. 2004) ("plaintiff must show the stigmatizing statements were made concurrently in time to plaintiff's dismissal from government employment."). Because there are no allegations relating to stigmatizing charges made concurrently with the nonrenewal of plaintiff's appointment as Village Clerk, the Complaint fails to state a liberty interest claim.

**IV.    The Position Of Village Clerk Is Policymaking And/Or Confidential For First Amendment Purposes. Therefore, A Public Employer May Appoint A Village Clerk Based On Political Or Partisan Considerations.**

   **A. Freedom of Association Claim**

Under the Elrod-Branti-Rutan line of cases,[2] a public employer may take partisan matters such as political affiliation and loyalty into account in making those appointments which as a

---

[2] Elrod v. Burns, 427 U.S. 347 (1976); Branti v. Finkel, 445 U.S. 507 (1980); Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990).

general matter can be characterized as either policymaking or confidential. Walsh v. Heilmann, 472 F.3d 504 (7th Cir. 2006). A public employer may terminate the employment or engage in other adverse employment actions with respect to an employee on the basis of political affiliation if the nature of position makes political loyalty a valid qualification. Riley v. Blagojevich, 425 F.3d 357, 359 (7th Cir. 2005). Political loyalty is a valid qualification if a position (i) involves "the making of policy and thus the exercise of political judgment or the provision of political advice to the elected superior," id. (ii) because the nature of the position it is one "that gives the holder access to his political superiors' confidential, politically sensitive thoughts." Id., citing Elrod, 427 U.S. at 367-8, Branti, 445 U.S. at 518.

### 1. The Office of Village Clerk is Confidential for First Amendment Purposes, and Hence Exempt from Political Retaliation Claims.

The Seventh Circuit has characterized confidential employees as those who "while not decisionmakers, are in close contact with policymakers" and their records and for whom "political antipathy can serve as a decent proxy for a lack of trust and loyalty." Meeks v. Grimes, 779 F.2d 417, 420 (7th Cir. 1985); Cygnar v. City of Chicago, 865 F.2d 827, 845 (7th Cir. 1989). The determination that a position is exempt from First Amendment claims can be made as a matter of law when the nature of the position and its duties are clear. Pleva v. Norquist, 195 F.2d 905, 912 (7th Cir. 1999).

As a matter of law, the position of village clerk is an exempt confidential position. As described above, the clerk has the statutory right and obligation to attend all closed session meetings. She, therefore, has access to the deliberations of her appointing authority on matters of the highest degree of public and political sensitivity. She has access to matters such as pending litigation ("Should we offer to settle the case now for $100,000 and perhaps move up to $200,000?"; "If we deny the zoning proposal and we get sued, what should be our fallback

position in light of the angry neighbors?"), collective bargaining ("Should we offer the police union 3% now, but go to 4% in order to avoid arbitration?"), property acquisition ("Should we go ahead and buy the old farm site for a public works garage, even though it will incur the political wrath of the neighbors residing in the area?").

In these real-world settings of municipal government, the Village Clerk has the duty "to shield the decision making process from the outside world," where the "possibility of 'leaks' from employees with access to sensitive information is a constant threat to any unit of government." Cygnar v. City of Chicago, 865 F.2d at 846 (nt. 20). An appointing municipal authority may clearly take political affiliation into consideration before appointing somebody to a position of such essential political confidentiality. Local municipal officials like those in Willow Springs make important policy decisions which frequently extend far beyond municipal boundaries. A local government cannot function if the appointing authority is prevented from choosing someone whom that authority trusts to keep and maintain this most sensitive of information.

In light of the Village Clerk's responsibility as the "confidential secretary" to the deliberations of the corporate authorities, Soderbeck v. Burnett County, Wisconsin, 752 F.2d 285 (7th Cir. 1985) is dispositive. In Soderbeck, the Court held that an incoming elected official may terminate a confidential secretary for political reasons without violating the First Amendment. Judge Posner's opinion held that even though an employee is not a policymaker, she may be terminated for political reasons if she is in a confidential position: "You cannot run a government with officials who are forced to keep political enemies as their confidential secretaries … It need not be a policy-making office. If Roslyn Carter had been President Carter's secretary, President Reagan would not have had to keep her on as his secretary." 752 F.2d at 288. See also Soderstrum v. Town of Grand Isle, 925 F.2d 135 (5th Cir. 1991)

7

(confidential secretary of incoming government official may be replaced; no First Amendment claim).

In a real legal sense, the Village Clerk is the confidential secretary to the Willow Springs President and Board of Trustees in the most sensitive of all matters relating to municipal government. No less than the sheriff in <u>Soderbeck</u>, the President and Board of Trustees of the Village of Willow Springs may choose not to retain a political enemy as their confidential secretary without running afoul of the First Amendment. Because the First Amendment does not prevent a municipality and its elected officials from taking "political" matters into account in the appointment to the office of Village Clerk, Plaintiff's First Amendment freedom of association claim fails.

> 2. **The Office Of Village Clerk Is Policymaking, And Hence Exempt From First Amendment Political Retaliation Claims.**

Although the Court need not reach the "policymaker" issue, the Village Clerk's position is also policymaking as a matter of law. As Judge Conlan found in <u>Jarman v. City of Northlake</u>, 1998 WL 341632 (N.D. Ill. 1998) (at *4), "municipal clerks perform a range of statutory functions defined by Illinois law," which include "official custodian of municipal records, 65 ILCS 5/3.1-35-90(a); attendance at and maintenance of the local record of meetings of corporate authorities, including closed executive sessions, 65 ILCS 5/3.1-35-90(a); ex officio 'local election official,' 10 ILCS 5/1-3; deputy registrar of voters, 10 ILCS 5/5 and member of the local electoral board. 10 ILCS 5/7-12.1, 5/10-9." Given this statutory structure, the court had no difficulty concluding that the position of municipal clerk was policymaking. Relying on the Seventh Circuit's decision in <u>Kline v. Hughes</u>, 131 F.3d 708 (7th Cir. 1997), the court found that

the position of municipal clerk and deputy clerk were policymaking for First Amendment purposes.[3]

Defendants respectfully submit that "the inherent powers of the office" of municipal clerk as identified by statute and ordinance demonstrate that political affiliation is an appropriate criterion for appointment and removal to such office. Allen v. Martin, 460 F.3d 939, 945 (7th Cir. 2006).[4] Plaintiff's First Amendment political retaliation claim should be dismissed.

### B. Freedom of Speech Claims

Once this Court determines that plaintiff's political association claim fails, her related free speech claim must also be dismissed. Paragraphs 16-21 allege that plaintiff's nonrenewal was based in part on retaliation for her having spoken out on matters of public concern regarding present and past Willow Springs administrations. For example, ¶16A alleges that while at Village Board meetings, Plaintiff (presumably present at the meeting in her capacity as Clerk) also "spoke out as a citizen on public matters regarding what had actually and factually transpired during the prior administration of the Village." As a result, Defendants "became motivated to terminate [Plaintiff] because [she] had openly engaged in public speech on matters of public concern."

The Seventh Circuit has repeatedly held that if a public employee or officeholder's position is exempt from patronage dismissal claims, then "the First Amendment does not prohibit the discharge of [such] policy-making employee when that individual has engaged in speech on a matter of public concern in a manner that is critical of superiors or their stated policies." Vargas-Harrison v. Racine Unified School District 272, F.2d 964, 971 (7th Cir. 2001); Warzon v. Drew,

---

[3] In Wilhelm v. Calumet City, 409 F.Supp.2d 998 (N.D.Ill. 2006), Judge Guzman declined to engage in any analysis of the municipal clerk's duties in determining whether it was a question of fact as to whether the clerk was policymaking. Wilhelm failed to discuss or even cite Jarman. Defendants submit that the Jarman analysis is appropriate and should be followed in this case.

[4] As Allen notes, a court only looks past the "job description" where a plaintiff can demonstrate some systematic unreliability. Id. In the present case, the Clerk's "job description" is articulated by the Illinois General Assembly, making this case particularly apt for disposition at the 12(b)(6) stage.

60 F.3d 1234, 1239 (7th Cir. 1995). In essence, the Seventh Circuit has "determined that with respect to these employees, the Pickering v. Board of Education, 391 U.S. 563 (1968)] analysis regularly results in a determination that the employer's need for political allegiance from its policymaking employees outweighs the employee's freedom of expression to such a degree that it obviates Pickering balancing." Vargas-Harrison, supra, citing Bonds v. Milwaukee County, 207 F.3d 969, 977 (7th Cir. 2000).

In the present case, the Seventh Circuit's Pickering corollary is clearly applicable. This "corollary applies when a policymaking employee engages in speech that implicates [her] political viewpoints." Vargas-Harrison, 272 F.3d at 973. In such case, the "friction between a politically adverse policymaker and superior poses such a potential disruption to the efficient functioning of government that a fact-specific inquiry is unnecessary." Id.

Complaint, paragraph 16, specifically and repeatedly alleges that the speech which Plaintiff claims is protected is "speech critical of her superior's work-related policies." For example, paragraph 16A's protected speech claim involves such things as "what had actually and factually transpired during the prior administration of the village." Unquestionably, plaintiff's free speech activities consists of criticism of her political superiors. She is not claiming, for example, that she was nonrenewed because of her views on Iraq. The essence of her claims is that she was targeted for nonrenewal because of her speech about the way her superiors (the Village Board) were running Willow Springs government. Under these circumstances, no fact specific inquiry is necessary under Vargas-Harrison. Plaintiff's First Amendment speech claim fails as a matter of law.

V.  **Because Trustee Kaptur is not the Appointing Authority She Is Not Subject to any Liability Based on the Nonrenewal of Plaintiff's Appointment.**

Quite apart from the constitutional issues, Trustee Kaptur is entitled to dismissal. Under Illinois law, 65 ILCS 5/3.1-25-90, the appointing power for the position of village clerk lies solely with the village. The role of a trustee is to confirm or reject an appointment put forward by the village president. Since the plaintiff's claims stem from her non-reappointment, and since municipal trustees have no authority to make that decision, Trustee Kaptur is not responsible for the non-appointment and hence not subject to liability for any claims flowing from that non-appointment.

VII. **President Nowaczyk and Kaptur are Entitled to Dismissal Based on Their Qualified Immunity.**

As public officials, Nowaczyk and Kaptur are entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and its progeny, e.g. Vose v. Kliment, 506 F.3d 565 (7th Cir. 2007). In order to overcome this immunity, plaintiff must show that the law was clearly established in the spring of 2007 that (i) local public officials could not take political affiliation or related speech matters into account when renewing the appointment to the office of village clerk; and (ii) that an appointed municipal clerk was entitled to some sort of due process hearing in the event of a decision by the corporate authorities not to reappoint that person to the office.

In order to show that the right in question is clearly established, a party must either appoint to authoritative precedent on point, or have a constitutional violation "so patently obvious that widespread compliance with the law has prevented the court from reviewing it." Boyd v. Owen, 481 F.3d 520, 526-7 (7th Cir. 2007). Put another way, qualified immunity protects these defendants "unless the constitutionality of their actions was apparent either because a case on point or closely analogous establishes the unconstitutionality of their actions,

11

or because the contours of the right are so established as to make the unconstitutionality obvious." Id. at 527.

As the discussion above demonstrates, defendants respectfully submit that the law is clear that an outgoing appointed municipal clerk has neither a liberty nor a property interest in renewal of an annual appointment. The law is also clearly established that the position of municipal clerk is exempt from First Amendment free speech or association claims with respect to appointment nonrenewal. At an irreducible minimum, the cases discussed above demonstrate that the propositions which plaintiff is trying to establish in this lawsuit were not clearly established at the time the Willow Springs corporate authorities chose not to renew this annual appointment.

**VIII. Conclusion.**

For the reasons set forth above, the defendants respectfully request that this Court dismiss all federal claims against the Village of Willow Springs and the individual defendants.

    Respectfully submitted,

    Alan Nowaczyk and Annette Kaptur

    By:   /s/ John B. Murphey

    Village of Willow Springs

    By:   /s/ Michael J. McGrath

John B. Murphey/ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070/Fax (312) 541-9191

Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678/Fax (708) 425-1898

G:\rmcj\willow Springs\Mem Supp MTD.doc

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Glenn R. Gaffney | Michael J. McGrath |
| Justin R. Gaffney | Burton S. Odelson |
| Gaffney & Associates | Michael Joseph Hayes, Jr. |
| 1771 Bloomingdale Road | Odelson & Sterk, Ltd. |
| Glendale Heights, Ill. 60139 | 3318 West 95th Street |
| | Evergreen Park, Ill. 60805 |

           /s/  Douglas M. Doty
         ROSENTHAL, MURPHEY & COBLENTZ
         Attorney for Alan Nowaczyk and Annette Kaptur
         30 North LaSalle Street, Suite 1624
         Chicago, Illinois 60602
         Tel. (312) 541-1070
         Fax: (312) 541-9191