IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN FREDRICKSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 C 6157 |
| | ) | |
| VILLAGE OF WILLOW SPRINGS, ALAN | ) | Judge Grady |
| NOWACZYK, and ANNETTE KAPTUR, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Now come the Defendants, VILLAGE OF WILLOW SPRINGS, ALAN NOWACZYK, and ANNETTE KAPTUR, by and through their attorneys, Odelson & Sterk, Ltd., and for their Reply in Support of their Motion for Sanctions, pursuant to FRCP 11, state as follows:

Plaintiff has responded to Defendants' Motion for Sanctions by claiming Defendants' Motion is not only premature, but an attempt to chill Plaintiff's pursuit of her legal theories. (Plaintiff's Response, Paragraph 1) Defendants' Motion is not premature. Defendant's Motion is brought early in this litigation, which is certainly the time contemplated by FRCP 11. Defendants' Motion for Sanctions details the failure of Plaintiff and her attorney to properly investigate the facts and law. (See Defendants' Motion ¶¶ 4-11) Plaintiff was advised by Defendants, on more than one occasion, that Plaintiff served as an appointed clerk, not an elected clerk, for the Village of Willow Springs. Defendants' Motion is not brought in an attempt to chill Plaintiff's pursuit of her legal theories. As stated above, Defendants repeatedly advised Plaintiff's counsel that Plaintiff was an appointed clerk, not an elected clerk, prior to Plaintiff filing her lawsuit. In addition, Defendants provided a copy of the Motion for Sanctions twenty-one (21) days prior to filing the Motion, as required by FRCP 11, and requested Plaintiff to

withdraw or amend her pleadings. Plaintiff has refused to withdraw or amend any of her pleadings, and continues to claim, without any legal citation, that Plaintiff held the position of elected Village clerk. Plaintiff's counsel has simply ignored existing law and the existing facts submitted by Defendants to Plaintiff. As the 7th Circuit has stated, an empty head but pure heart is no excuse for a lack of reasonable inquiry of the facts and law. *United States Bank National Association, N.D. v. Sullivan-Moore*, 406 F. 3d 465, 470 (7th Cir. 2005).

      Plaintiff further responds to the Motion for Sanctions by claiming that this is a matter of first impression because no Illinois court has rendered an opinion pertaining to the interpretation of 65 ILCS 5/3.1-25-90, "Election or appointment of Clerk." Plaintiff, however, does not claim the statute contains any ambiguity or defect which requires statutory interpretation. Plaintiff merely relies on the fact this statute has never been interpreted by any court. Defendants counter this weak argument by stating there has never been a need to interpret this statute, because the language contained within the statute is clear, concise, and unambiguous. It should also be noted that Plaintiff is not seeking to extend or modify existing law. Instead, Plaintiff chooses to misread the clear language contained in 5/3.1-25-90 and is requesting this Court to misread the statute, thereby making this a case of first impression. Defendants, however, have been unable to find any support for the proposition that a case is a case of first impression simply because counsel has misread a statute.

      As stated in Defendants' Motion, in 1988 the Willow Springs Village Board passed Ordinance No. 88-O-1, making the clerk's position an appointed position. The Village's population was less than 5,000 in 1988. The Village's population did not pass 5,000 until 2000. Village meeting minutes show Plaintiff was appointed clerk in 2000,

2001, 2002, 2003, 2004, and 2005. As clerk during that time period, Plaintiff is certainly aware that no referendum question was ever placed on any ballot (subsequent to 2000) asking the voters to change the position of clerk from an appointed to an elected position. Plaintiff, acting in her position of clerk, would have to certify any such referendum question. Moreover, Plaintiff was present at the meetings when she was appointed as clerk, she took the minutes for those meetings, and has certified that she is the appointed clerk on countless ordinances and resolutions.

In short, Plaintiff's counsel only needed to ask his client if she was the appointed or elected clerk. Had he done so, Plaintiff's counsel would have been advised Plaintiff was the appointed clerk for the Village of Willow Springs.

**WHEREFORE**, the Defendants, respectfully request that this Honorable Court enter an order, pursuant to FRCP 11, sanctioning counsel for the plaintiffs for knowingly filing a pleading containing allegations known to be false, including striking the false allegations from the complaint and charging the defendants' attorneys fees incurred in bringing this motion against the plaintiffs' counsel, plus whatever other relief this court deems just and appropriate.

    Respectfully Submitted,

    VILLAGE OF WILLOW SPRINGS ALAN NOWACZYK, and ANNETTE KAPTUR

    By: <u>s:/ Michael J. McGrath</u>
        One of their attorneys

Michael J. McGrath
ODELSON & STERK, LTD.
3318 W. 95th Street
Evergreen Park, IL 60805
708-424-5678