IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN FREDRICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 CV 6157 |
| v. | ) | |
| | ) | Judge John F. Grady |
| VILLAGE OF WILLOW SPRINGS, | ) | |
| ALAN NOWACZYK, and | ) | Magistrate Judge Nan R. Nolan |
| ANNETTE KAPTUR, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

Plaintiff, SUSAN FREDRICKSON, by her attorney, Glenn R. Gaffney, for her Response to Defendants' 12(b)(6) Motion to Dismiss, states:

1. The position of Willow Springs Village Clerk does not have a political affiliation requirement for its effective performance. FREDRICKSON's complaint asserts otherwise and nothing within the Illinois Municipal Code or any Willow Springs ordinance suggests otherwise. The Willow Springs Personnel Code also contradicts Defendants' assertion.

2. Attached as Exhibit A is Willow Springs Ordinance No. 33-O-2006 which negates Defendants' inference that FREDRICKSON had authority to appoint a Deputy Clerk as states that the position of Deputy Clerk is "Administrative". Also attached is the relevant portions of the Willow Springs Personnel Policy Manual which has on its face been adopted by resolution of the Village Board and provides at Section 5.12 that "No Village employee may be …dismissed …on the basis of his/her political activities or views." Plaintiff agrees that Village ordinances can be considered in a 12(b)(6) Motion without converting the same to a Motion for Summary Judgment. *Minch v. City of Chicago*, 486 F.3d 294, 299 (FN 3)(7th Cir. 2007).

3. FREDRICKSON had a property interest in her position at Willow Springs. Once Willow Springs had a population in excess of 5,000 inhabitants, FREDRICKSON as the incumbent Clerk, could be replaced only through the electoral process, as provided for within the Illinois Municipal Code and the Illinois Election Code. Even assuming *arguendo* that is not true, FREDRICKSON was unlawfully terminated on July 13, 2007, as the Willow Springs code

provides that FREDRICKSON was to remain the Clerk until her successor was duly appointed. Mayor Nowaczyk failed to follow any statutory or code provision when he effectuated the termination of FREDRICKSON's employment and removal from office as part of his scheme to deprive FREDRICKSON of her position.  FREDRICKSON also was entitled to protection pursuant to Willow Springs Personnel Policy which provides that she was not to be dismissed for political reasons. The Willow Springs Personnel Policy adopted pursuant to Village resolution creates an enforceable contract right that FREDRICKSON was not to be terminated for political reasons and thereby creates a property interest in her position. *Duldulao v. Saint Mary of Nazareth Hospital Center,* 115 Ill.2d 482, 490, 505 N.E.2d 314 (1987). Additionally, aside from Illinois Contract Law, the Village's adoption of the Personnel Code by resolution creates an enforceable property interest. *Domiano v. River Grove,* 904, F.2d 1142, 1148 (7th Cir. 1990).

      4.      FREDRICKSON was also deprived of a liberty interest, as Defendants impugned her good name, reputation, honor and integrity by making statements over time and on July 17, 2007 when she was replaced, that wrongfully implicated FREDRICKSON as being at fault for Willow Springs financial difficulties.

      5.      The complaint is replete with facts establishing that Kaptur was personally involved and personally motivated to deprive FREDRICKSON of her rights, which creates personal liability.

      6.      Case law and statutory law clearly placed the individual Defendants on clear notice at the time they wrongfully deprived FREDRICKSON of her rights, such that Defendants have no legitimate qualified immunity defense.

      7.      Plaintiff's Memorandum of Law is filed simultaneously herewith and incorporated herein. As per the Court's direction, Defendants have not filed a Memorandum of Law supporting a 12(b)(6) Motion to Dismiss any of Plaintiff's state law claims.  As a result, Plaintiff does not now respond to Defendants' Motion to Dismiss any state law claims which, as per the Court's direction, were not supported in Defendants' Memorandum in Support of Defendant's Motion to Dismiss.

      WHEREFORE, Plaintiff requests that this Court deny Defendants' FRCP 12(b)(6) Motion to Dismiss in its entirety and further strike Defendants' Motion for Sanctions as an inappropriate attempt to chill Plaintiff's reasonable and good faith position which is now well

supported by law.  In the alternative, to the extent that this Court determines that additional pleading by Plaintiff may be necessary to support Plaintiff's cause of action, Plaintiff seeks leave to amend so as to more fully set forth facts in support of Plaintiff's claims.

>Respectfully submitted,
>
>/s/Glenn R. Gaffney
>Glenn R. Gaffney
>Attorney for Susan Fredrickson

## CERTIFICATE OF SERVICE

Justin R. Gaffney certifies that on February 1, 2008, he e-filed the above and foregoing **Plaintiff's Response to Defendants' 12(b)(6) Motion to Dismiss**, via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court.  The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

>/s/ Justin R. Gaffney
>Justin R. Gaffney
>Attorney for Plaintiff

Glenn R. Gaffney  (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
Attorney No. 6180598
(630) 462-1200