**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN FREDRICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 CV 6157 |
| v. | ) | |
| | ) | Judge John F. Grady |
| VILLAGE OF WILLOW SPRINGS, | ) | |
| ALAN NOWACZYK, and | ) | Magistrate Judge Nan R. Nolan |
| ANNETTE KAPTUR, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, SUSAN FREDRICKSON, by her attorney, Glenn R. Gaffney, for her Memorandum in Response to Defendants' Motion to Dismiss, states:

**I - FRCP 12(b)(6) Standard**

A complaint is properly dismissed under Rule 12(b)(6) if looking only at the allegations within Plaintiff's complaint and taking all the facts alleged by Plaintiff to be true and construing all inferences in favor of Plaintiff, the complaint fails to state a claim upon which relief can be granted. *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is improper "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Straus v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

**II - Count I §1983 First Amendment Political Patronage Claim**

The First Amendment protects a person in public employment from being removed for political reasons. *Elrod v. Burns*, 427 U.S.347, 356, 96 S.Ct. 2673 (1976). Exempted positions are classified as "policy making" or "confidential." FREDRICKSON alleges in her complaint at paragraph 9 that she is not a policy making official or allowed discretion in determining how policies are to be executed and affirmatively asserts that the Willow Springs Village Clerk "performs a variety of ministerial tasks as is set forth within the Illinois Municipal Code provisions of 65 ILCS 5/3.1-35-90." Defendants assert that notwithstanding these allegations,

the position of Village Clerk as a matter of law should be deemed exempt pursuant to the *Elrod* decision.

The clerk's duties are established primarily by statute. 65 ILCS 5/3.1-35-90. Nothing within the statutory definition of a clerk's duties and responsibilities imports any policy making authority. The statutory definition of a clerk's duties does not even remotely suggest that a clerk's political affiliation is a requirement for the effective performance of the public office. The municipal clerk shall also have other duties "prescribed by the corporate authorities." 65 ILCS 5/3.1-35-90(b). By ordinance, Willow Springs has also set forth the duties of the Village Clerk. (Willow Springs Ordinance 1-5C-3). This Court can consider Willow Springs ordinances without converting Defendants' 12(b)(6) Motion to a Motion for Summary Judgment. *Minch v. City of Chicago*, 486 F.3d 294, 299 (FN3), (7th Cir. 2007). The Willow Springs stated duties of the Village Clerk are essentially the same as those provided by the Municipal Code. Nothing within the Willow Springs Ordinance provides for any policy making authority or otherwise establishes Defendant's burden to prove that political affiliation is a requirement for the effective performance of this public office. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287 (1980). To the contrary, the Willow Springs statement of the Clerk's responsibilities confirm the allegations within FREDRICKSON'S complaint that the Willow Springs Village Clerk is not a policy making official or allowed discretion in determining how policies are to be executed but rather performs a variety of ministerial tasks in conformity with the Illinois Municipal Code. (Complaint paragraph 9). Those allegations must be accepted as true in a 12(b)(6) Motion. *McMath*, 976 F.2d at 1031. Also, Willow Springs Ordinance 33-0-2006 (Sept. 2006) further establishes that the Deputy Clerk is an "administrative position," appointed not by the Village Clerk but by the Village President and Board of Trustees (See, Exhibit 1 to Plaintiff's Response).

Mere labels are not sufficient to determine which employees may have their livelihood depend on political patronage. *Branti v. Finkel*, 445 U.S.507, 517, 100 S.Ct. 1287 (1980). The First Amendment tolerates political dismissals only where the practice furthers "some vital government end by a means that is least restrictive of freedom of belief and association ….." *Elrod*, 427 U.S. at 363. In order to determine whether a position is exempted, the Court is to go beyond labels and consider the "nature of the responsibilities" of the position in question. *Elrod*, 427 U.S at 367.

2

The question of whether a position is exempted from the First Amendment patronage dismissal ban is a factual determination ordinarily left for the jury. *Matlock v. Barnes*, 932 F.2d 658, 663, 665 (7th Cir. 1991). Ultimately, Defendant bears the burden of establishing that Plaintiff's position falls within an exception to the general prohibition against a patronage dismissal. See, *Milazzo v. O'Connell (Milazzo I)*, 108 F.3d 129, 132 (7th Cir. 1997); *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 354 (7th Cir. 2005). A person's political affiliation is not necessarily relevant to every policy making or confidential position and the ultimate inquiry is not whether the label of "policy maker" or "confidential" fits a particular position, but whether the hiring authority can demonstrate that political affiliation is a requirement for the effective performance of the public office at issue. *Branti*, 445 U.S. at 518. As in the *Kiddy-Brown* decision, this case is in the very early stage of litigation and Defendants have not shown that FREDRICKSON's position with Willow Springs is exempt from the general prohibition on political patronage dismissals. *Kiddy-Brown*, 408 F.3d at 356. This is especially true in light of FREDRICKSON's allegations within her complaint which supports the proposition that she is not exempt, which allegations must be read in a light most favorable to her. *See, Flenner v. Sheahan*, 107 F.3d 459, 465 (7th Cir. 1997).

In addition to FREDRICKSON's allegation at paragraph 9 that she is not a policy making official or allowed discretion in determining how policies are to be executed. FREDRICKSON also alleges at paragraph 16-C that Defendants Nowaczyk and Kaptur demanded and directed FREDRICKSON to make changes to meeting minutes and "attempted to usurp the statutory duty of the Village Clerk by directing her to make their changes to minutes of Board meetings." FREDRICKSON also alleges that President Nowaczyk demanded that FREDRICKSON prepare all Board meeting minutes "verbatim …."  Additionally, in paragraph 17, FREDRICKSON sets forth a factual litany of events wherein she was essentially under the thumb of Nowaczyk. Therefore, as in *Kiddy-Brown*, the pleadings establish that FREDRICKSON had little or no autonomy to perform her statutory duties. Furthermore, nothing within any other Illinois Municipal Code provision demonstrates that political affiliation is a requirement for the effective performance of her office.

Defendants' reliance upon *Soderbeck v. Burnett County, Wis.*, 752 F.2d 285 (7th Cir. 1985) is inappropriate. Although Defendants highlight the Seventh Circuit's quote regarding

3

Roslyn Carter and President Reagan, the real holding of the case was whether an employee is a repository of confidences is a question of fact and not a question of law. *Soderbeck*, 752 F.2d at 288-9. This determination presents a difficult factual question. *Nekolny v. Painter*, 653 F.2d 1164, 1169 (C.A.Ill. 1981). Defendants' reliance upon the Fifth Circuit decision of *Soderstrum v. Town of Grand Isle*, 925 F.2d 135 (5th Cir. 1991) is also inapplicable, as the Fifth Circuit merely upheld a jury's finding that Soderstrum was a confidential employee. *Soderstrum*, 925 F.2d at 141. Defendants rely heavily upon Judge Conlon's 1998 decision in *Jarman v. City of Northlake*, 1998 W.L. 341632 (N.D.Ill. 1998), but that case was decided on a factual basis at summary judgment and not on a motion to dismiss.

More on point is *Wilhelm v. City of Calumet City, Ill.*, 409 F.Supp.2d 991 (N.D.Ill. 2006) wherein a former city clerk filed a Section 1983 action alleging that she was fired in retaliation for not supporting the mayor's campaign. The Court reviewed the Illinois Statute which provides that a city clerk must "keep the corporate seal…and all (municipal) papers…[that] are not given to other officers….attend all meetings of the corporate authorities and keep a full record of their proceedings in the journal" and "(perform) other duties prescribed by the corporate authorities.", which is substantially similar to what we have in Willow Springs. The Court held that the City had failed to identify any statute or ordinance which provided the clerk with input into the City's policy making process or otherwise providing substantial discretion in determining how policies were to be executed and concluded that the municipal clerk was not exempt from First Amendment protection. *Wilhelm*, 409 F.Supp.2d at 999-1000. In this case, the Village has not demonstrated "an overriding interest" of "vital importance" in order to justify the impairment of First Amendment interests caused by a politically motivated dismissal. *See*, *Lohorn v. Michal*, 913 F.2d 327, 334 (7th Cir. 1990). The Village has not set forth any legitimate argument that FREDRICKSON's party affiliation is an appropriate requirement for the performance of her job, which inquiry considers both the historical treatment of the position and the actual work performed by FREDRICKSON. *See*, *Carlson v. Gorecki*, 374 F.3d 461, 464-5 (7th Cir. 2004). FREDRICKSON did not "contribute to political decisions" and there is no reason to believe that a Village Clerk is to be hired primarily due to his or her political affiliation. *Carlson*, 374 F.3d at 465.

4

Access to confidential information alone does not mean that the job is confidential for purposes of applying the confidential employee exception to the ban on patronage dismissals. *Carlson*, 374 F.3d at 466; *Matlock*, 932 F.2d at 665. Persons merely maintaining confidential information cannot Constitutionally be required to meet a political affiliation test. *Thornburg v. Peters*, 155 F.Supp.2d 984, 990 (C.D.Ill. 2001). The term "confidentiality" as used in *Elrod*, connotes a need for political loyalty and not merely an employee's duty to keep the secrets of his or her office. *Matlock*, 932 F.2d at 665; *Meeks v. Grimes*, 779 F.2d 417, 421 (7th Cir. 1985).

Additionally, in 1998, Willow Springs passed a resolution adopting a Personnel Policy Manual. (See, Exhibit 2. to Plaintiff's Response). The Personnel Policy Manual is applicable to all appointed officers and regular and temporary employees of the Village. Section 5.12 of the Personnel Policy Manual provides, in part, as follows: "No Village employee may be appointed, promoted, dismissed or retained on the basis of his/her political activities or views. No employee shall be coerced to participate in political campaigns, solicit votes or contribute funds for any political purpose." A village's personnel code can also create an enforceable property interest and expectation for a city clerk. *See*, *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (2004).

### III - Count I §1983 First Amendment Public Speech Claim

In addition to FREDRICKSON'S Political Patronage Claim, she also asserts a claim for retaliation arising out of her First Amendment public speech. Paragraph 16 of Plaintiff's Complaint including subparagraphs A through C assert that FREDRICKSON spoke out as a citizen on public matters which resulted in retaliation by Nowaczyk, Kaptur and other Village Board members. Defendants do not contest that FREDRICKSON engaged in protected public speech. She further alleges at paragraphs 17, 20 and 21 that Defendants took adverse action against her arising out of her First Amendment public speech. Defendants' Motion to Dismiss at paragraph 15 asserts without supporting legal authority that "as a matter of law, the Office of Village Clerk is exempt from First Amendment retaliatory nonrenewal claims. Therefore, Count I should be dismissed." However, it is alleged by FREDRICKSON at paragraph 14 that on July 13, 2007, Nowaczyk without lawful authority terminated FREDRICKSON as Village Clerk. Later, on July 17, 2007, Nowaczyk, Kaptur and other Trustees of Willow Springs replaced FREDRICKSON as Village Clerk. FREDRICKSON disagrees with Defendants' assertion that this is a nonrenewal case. If that were true, she would

have been present on July 17, 2007, and she was not. Nowaczyk terminated Plaintiff and then replaced her at a subsequent Board meeting. By that time, the die had been cast and the horse was out of the barn.

Defendants assert that FREDRICKSON was subject to non-reappointment at any time after April 30, 2007 pursuant to the Willow Springs Village Code. Even assuming *arguendo* that the Village's position is correct (Plaintiff contests this proposition as set forth more fully at part IV), it is undisputed that both the Willow Springs Village Code 1-5C-2 and the Illinois Municipal Code, 65 ILCS 5/3.1-35-10 and 65 ILCS 5/3.1-10-50, provide that FREDRICKSON was to remain Village Clerk until her "successor is appointed and qualified." As in *Burrell v. City of Mattoon*, 378 F.3d 642, 648 (7th Cir. 2004), FREDRICKSON was terminated prior to the appointment of a qualified successor in violation of both the Illinois Municipal Code and the Willow Springs Village Code. Although *Burrell* could not sustain his claim because the mayor was not yet in office, Nowaczyk was in office when he unlawfully terminated Fredrickson on July 13, 2007. Nowaczyk's July 13, 2007 termination of FREDRICKSON violated 65 ILCS 5/3.1-35-10, as Nowaczyk did not bring written charges against FREDRICKSON and then have FREDRICKSON's removal approved by the Village officials. Instead, Nowaczyk and Kaptur took their own unlawful course by first terminating FREDRICKSON without bringing charges and then presenting FREDRICKSON's replacement to the Village Board on July 17, 2007 after FREDRICKSON was already gone. After Nowaczyk unlawfully terminated FREDRICKSON on July 13, 2007, replacing her on July 17, 2007 then became a forgone conclusion. Even for lawfully appointed village clerks, the Illinois legislature mandates that the clerk is to remain in office until the Village Board either lawfully removes her as a result of "charges" or the successor is lawfully appointed. FREDRICKSON should have had the right to her office and "look the Board in the eyes" as the Clerk when they make their decision to either remove her for charges or appoint a successor. Nowaczyk violated all of these statutory mandates. FREDRICKSON should be restored to her office as mandated by 65 ILCS 5/3.1-35-10.

Defendants' memorandum at page 9 asserts that FREDRICKSON'S First Amendment public speech claims fail because she is a policy making employee. Defendants' assertion that FREDRICKSON is a policy making official must fail for the same reasons why Defendants' motion to dismiss Plaintiff's First Amendment political patronage claim fails. The Procedural

posture of this case is similar to that in *Kiddy-Brown v. Blagojevich*, 408 F.3d 346 (7th Cir. 2005 wherein the Seventh Circuit held that based upon a record as established in a 12(b)(6) Motion, plaintiff's claim was not subject to dismissal based upon a policy maker analysis. *Kiddy-Brown*, 408 F.3d at 358. Nothing within the Illinois Municipal Code or the Village's description of a Village Clerk's duties establish as a matter of law that Defendants have overcome Plaintiff's allegations. See, *Wilhelm v. City of Calumet City, Ill.*, 409 F.Supp.2d 991, 999-1000 (N.D.Ill. 2006); *Carlson v. Gorecki*, 374 F.3d 461, 464-5 (7th Cir. 2004).

### IV - Due Process Property Interest Claim

Defendants assert that FREDRICKSON does have a property interest in her position or employment so as to support a §1983 Due Process Claim. However, Plaintiff's property interest is established by (A) FREDRICKSON was in 2007 the incumbent Clerk in a city in excess of 5,000 inhabitants subject to replacement only through the electoral process; (B) FREDRICKSON was an employee as well as an officer which entitled her to protection from politically motivated removal as set forth within the Willow Springs personnel policy manual.

### A. Fredrickson Was To Be Replaced By Election In 2007

When this Court performs a comprehensive analysis of the relevant provisions of both the Illinois Municipal Code and the Illinois Election Code, this Court should reach the conclusion that the obvious legislative intent of 65 ILCS 5/3.1-25-90 is that once a village has in excess of 5,000 inhabitants, the Village Clerk must be elected and not appointed. It is uncontested that FREDRICKSON was the incumbent Village Clerk and that Willow Springs had in excess of 5,000 inhabitants in 2007. Under those circumstances, even though FREDRICKSON was first appointed when Willow Springs had fewer than 5,000 inhabitants, she was no longer lawfully subject to appointment or non-reappointment after Willow Springs had in excess of 5,000 inhabitants and should have retained her position as the incumbent Village Clerk until her successor was duly elected. Both the Illinois Municipal Code and the Illinois Election Code do not support the Village's position that a referendum is required for the Village Clerk to be elected for a village that has in excess of 5,000 inhabitants. Neither Nowaczyk, FREDRICKSON nor the Board of Trustees, by action or inaction, can overcome the legislative intent requiring clerks to be elected for any village in excess of 5,000 inhabitants.

A city has no inherent power and must point to the statutory provision giving it the particular power which it seeks to exercise. *City of Marquette Heights v. Vrell*, 22 Ill. App.2d 254, 260, 160 N.E.2d 593, 596 (3d Dist. 1959). Municipal authorities have authority to pass ordinances and regulations but only "proper or necessary, to carry into effect the powers granted to municipalities." 65 ILCS 1-2-1. It is alleged in the complaint and not contested by Defendants that Willow Springs is not a home rule unit of government. As such, under Illinois law the legislature grants to municipal corporations the power to act and prescribes that power which shall be exercised in the manner stated by the legislature and not otherwise. *Bosco v. Chicago Transit Authority*, 164 F.Supp.2d 1040, 1054 (N.D.Ill. 2001). A non-home rule unit cannot adopt ordinances that infringe upon the spirit of the state law or are repugnant to the policy of the state. *Hawthorne v. Village of Olympia Fields,* 204 Ill.2d 243, 259, 790 N.E.2d 832, 842 (Ill. 2003).

Paragraph 8 of the Complaint alleges that Willow Springs is a municipality which has in excess of 5,000 inhabitants. Defendants do not contest this fact, although it is unclear as to exactly when Willow Springs passed over the 5,000 inhabitant threshold. If it was before 1997, Willow Springs Code 1-5C-2 was *void ab initio*. If it was after 1997, Willow Springs had an obligation to bring its ordinance in conformity with the Illinois Municipal Code. Any annual "appointments" of FREDRICKSON were *ultra vires*, *void ab initio* and no conduct of FREDRICKSON herself can avoid this result. *See*, *Grassini v. DuPage Township*, 279 Ill.App.3d 614, 620, 665 N.E.2d 860 (3d Dist. 1996); *see also*, *Cannizzo v. Berwyn Township 708 Community Mental Health Bd.*, 318 Ill.App.3d 478, 486-87, 741 N.E.2d 1067, 1073-74 (2000). By analogy, a contract that is *void ab initio* cannot be enforced by estoppel or subsequently ratified. *Ryan v. Warren Township High School Dist. No. 121*, 155 Ill.App.3d 203, 205-06, 510 N.E.2d 911, 912 -13 (1987). Thus, Defendants' factual assertion that FREDRICKSON was annually appointed does not overcome a failure to comply with state law. It is well settled that the method upon which an officer is appointed is a matter solely within the discretion of the Legislative branch. *Stroger v. Regional Transp. Authority*, 201 Ill.2d 508, 527 778 N.E.2d 683 (Ill. 2002). In this case, Mayor Nowaczyk had no inherent authority to appoint a village clerk as the legislature has established an election by statute. *See*, *Betts v. Village of Calumet Park*, 20 Ill.2d 524, 526, 170 N.E.2d 563 (1960). Also, the Court should note that the

8

2006 Ordinance No. 33-O-2006 attached as Exhibit A. provides that FREDRICKSON is the "duly qualified Village Clerk" and not the "appointed Village Clerk."

In Illinois, the power to regulate elections is reserved to the State and actions in this area by local governments must conform to state law. *Leck v. Michaelson*, 129 Ill.App.3d 593, 472 N.E.2d 1166, 1172, affirmed in part, reversed in part, 111 Ill.2d 523. When a state provides that an office is to be filled by holding an election, the state creates a right to vote that the Constitution protects. *Spinka v. Brill*, 750 F.Supp. 306, 310 (N.D.Ill. 1990). In *Board of Estimate of City of New York v. Morris*, 489 U.S. 688, 109 S.Ct. 1433 (1989), the U.S. Supreme Court stated "We are not persuaded by arguments that explain the debasement of citizens' Constitutional right to equal franchise based on exigencies of history or convenience." *Morris*, 489 U.S. at 703, FN 10. The issue of whether or not the village clerk should be elected or appointed is at stake here and bigger than the parties in this case as citizens, not history or economic interests, cast votes. *Reynolds v. Sims*, 377 U.S. 533, 580, 84 S.Ct. 1362, 1391 (1964).

The provisions of 65 ILCS 5/3.1-25-90 must be read in *pari materia* with 65 ILCS 5/3.1-20-5 which specifically provides that the city clerk "shall be elected that the same time that the mayor is elected." It also must be read in *pari materia* with 65 ILCS 5/3.1-10-50 which provides at subparagraph (a) that in the event of a vacancy by reason of failure to elect or qualify "the incumbent shall remain in office until the vacancy is filled." Furthermore, subsection (d) of that statute provides that "municipal officers appointed or elected under this section shall hold office until their successors **are elected** and have qualified." (Emphasis added) In totality, the Illinois Municipal Code sets forth a framework wherein FREDRICKSON was to remain as Village Clerk until her successor was duly **elected** and qualified. Statutes dealing with the same subject under the doctrine of *pari materia* are to be interpreted "with reference to one another to give them harmonious effect." *Maher v. Harris Trust and Savings Bank,* 506 F.3d 560, 562 (7th Cir. 2007); *People v. McCarthy,* 223 Ill.2d 109, 134, 858 N.E.2d 15, 31 (2006).

The "election or appointment of clerk" provision of the Illinois Municipal Code, 65 ILCS 5/3.1-25-90, sets forth a dividing line at 5,000 inhabitants. A village with fewer than 5,000 inhabitants may choose to have a clerk appointed. The statute provides "otherwise" (i.e., a village with 5,000 inhabitants or more) a clerk "shall be elected who shall hold office for a term of the same length of time as provided in this article 3.1 for the mayor…." Willow Springs had

in excess of 5,000 inhabitants so that the "otherwise" mandate of election was applicable. Defendants appear to rely upon subsection (b) which suggests that once a clerk is appointed the clerk may later be elected but only after a referendum.  The obvious legislative intent relates back to those villages with fewer than 5,000 inhabitants that choose to have a clerk appointed.  In other words, the legislature provides the citizens of those small villages with an opportunity to elect the clerk even though the Village Board chose to have a clerk appointed.  Nothing within this statutory scheme suggests that the intent or purpose of subsection (b) was intended to apply to any village with 5,000 or more inhabitants.  This Court must ascertain the intent of the legislature and give that intent its effect.  *City of Springfield v. Board of Election Commissioners*, 105 Ill.2d 336, 341, 473 N.E.2d 1313, 1316 (1985).  The entire statutory scheme must be examined for guidance as to that intent.  *City of Springfield*, 105 Ill.2d at 341.  It is presumed that the legislature intended its enactments to be consistent and harmonious, and where other statutory provisions are in *pari materia*, those provisions must be construed in reference to each other and in harmony with each other.  *Robinson v. Jones*, 186 Ill.App.3d 82, 87, 542 N.E.2d 127, 130 (1989).  It has been held that the Illinois Election Code and the Illinois Municipal Code are also considered to be in *pari materia*.  *United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989*, 125 Ill.2d 332, 339, 531 N.E.2d 802, 805 (1988).  Defendants' position that absent a referendum, the village clerk in Willow Springs is to continue forever to be appointed and regardless of the number of its inhabitants, contradicts multiple provisions of the Illinois Municipal Code and Illinois Election Code.  It is a rule of statutory construction that an interpretation that renders part of a statutory scheme superfluous or produces an absurd result must be avoided.  *Roser v. Anderson*, 222 Ill.App.3d 1071, 1075, 584 N.E.2d 865, 869 (1991).

The Illinois Election Code provides that a city clerk "shall be elected."  10 ILCS 5/2A-27. In villages and incorporated towns with a population of fewer than 50,000 "a clerk shall be elected at the consolidated election in every other odd-numbered year when the clerk is elected for a four-year term."  10 ILCS 5/2A-30.  In accord is 65 ILCS 5/3.1-30-5 which does not designate a village clerk as an "appointed" official.  Since the Illinois Election Code provides for uniformity in elections, the provisions of the Illinois Election Code supersede other statutes on the same subject, including the Illinois Municipal Code.  *United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989*, 125 Ill.2d 332, 339, 531 N.E.2d 802, 805 (Ill. 1988).

10

In *City of Springfield v. Board of Election Commissioners of City of Springfield*, 105 Ill.2d 336, 473 N.E.2d 1313 (Ill. 1985), the Illinois Supreme Court held that the legislature intended to confer authority on the City Council to appoint a village official for the balance of an unexpired term only if an interim election was not required and upheld the Circuit Court's decision to require an election to fill the vacancy. *City of Springfield*, 105 Ill.2d at 341. Also analogous are the provisions of 65 ILCS 5/2-3-7 which provide that upon incorporation of a new municipality, "the Court shall order the election of village officers at the general municipal election in accordance with the general election law and the term of office for those village officers elected at the next general municipal election shall last until their successors are elected at the next regular election and have qualified." Also in accord is 65 ILCS 5/3.1-10-50(d) which confirms that municipal officers appointed or elected during a vacancy shall hold office until their successors **are elected** and have qualified. (Emphasis added). These statutes all support Plaintiff's proposition that the legislative intent within 65 ILCS 5/3.1-25-90 was to have all villages in excess of 5,000 inhabitants elect and not appoint their clerk and negates Defendants' interpretation that even though Willow Springs passed the 5,000 inhabitant threshold, Willow Springs could continue forever to appoint its Village Clerk. Once Willow Springs passed the 5,000 population threshold, FREDRICKSON could no longer be "appointed" pursuant to 65 ILCS 5/3.1-25-90(a), except that she was to continue to serve as the incumbent until replaced by a duly <u>elected</u> and qualified successor.

### B.  Failure to Follow Village Personnel Policy

Property interests in employment may be created by express or implied contracts, municipal ordinances or state laws. *Farmer v. Lane,* 864 F.2d 473, 478 (7th Cir. 1988). As set forth above, the Village of Willow Springs has passed by resolution a personnel policy which specifically prohibits dismissal on the basis of "political activities or views." FREDRICKSON asserts that she has been terminated as a result of her political activities and views. The Village's personnel policy creates a property right for FREDRICKSON. See, *Burrell*, 378 F.3d at 647.

The Policy Manual Provision at Section 5.12 that "no Village employee may be appointed, promoted, dismissed or retained on the basis of his/her political activities or views" is a clear and unambiguous statement which creates a contractual right. *Duldulao v. Saint Mary of Nazareth Hospital Center,* 115 Ill.2d 482, 490, 505 N.E.2d 314 (1987). To the extent there is any ambiguity

11

within that representation, the ambiguity must be construed against the Village and not FREDRICKSON. *Mitchell v. Jewel Food Stores,* 142 Ill.2d 152, 165, 568 N.E.2d 827, 832 (Ill. 1990). A clear policy providing FREDRICKSON with protection against a political firing creates an enforceable contract right despite the presence of a disclaimer elsewhere. *Perman v. ArcVentures, Inc.,* 196 Ill.App.3d 758, 762, 554 N.E.2d 982, 985 (1990); *Daymon v. Harden County General Hospital,* 210 Ill.App.3d 927, 931, 569 N.E.2d 316, 319 (1991). Thus, FREDRICKSON had an enforceable contract right to be free from a political firing.

The explicit provision providing FREDRICKSON with assurance that she is not to be dismissed for politics creates an entitlement and a resultant property right. *Nickum v. Village of Saybrook,* 972 F.Supp. 1160, 1167 (C.D. Ill. 1997); *Fleury v. Clayton,* 847 F.2d 1229, 1231 (7th Cir. 1988). As the Personnel Code was passed by resolution of the Board, the declaration can create a property entitlement without regard to any contract law analysis. *Domiano v. River Grove,* 904, F.2d 1142, 1148 (7th Cir. 1990). The Village Policy that prohibits political firings is an enforceable substantive right which limits the Village's discretion and not just a procedural process. *Deshazer v. Cook County,* 2000 WL 1693978 at 6 (N.D. Ill. 2000); *Nickum,* 972 F.Supp. at 1167.

## V - Fredrickson's Liberty Interest Claim

FREDRICKSON also alleges in paragraph 22 that she incurred an impairment to a liberty interest, as Nowaczyk's termination on July 13, 2007, and the Board's replacement of FREDRICKSON as Village Clerk on July 17, 2007, impugned her good name, reputation, honor and integrity.  FREDRICKSON further alleges that statements made over time and while FREDRICKSON was terminated and replaced by Nowaczyk, Kaptur and the other Village Board Members, wrongfully implicated FREDRICKSON as being at fault for Willow Springs' financial difficulties.  Therefore, FREDRICKSON does allege that she was defamed at the time of her termination which imposes a stigma and thus a loss of a liberty interest. *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707 (1972).  Defendants' reliance upon *Fenje v. Feld*, 398 F.3d 620, 627 (7th Cir. 2005) is inappropriate as that decision was made upon a factual record on a motion for summary judgment.  In Defendants' 12(b)(6) Motion, there is no evidence submitted refuting FREDRICKSON's factual allegations within the complaint. *See, Nickum v. Village of Saybrook,* 972 F.Supp. 1160, 1169 (C.D. Ill. 1997).

12

## VI - Kaptur is Not Entitled to Dismissal

In a Section 1983 action, the plaintiff has the right to name individual defendants to the extent they personally participate in the violation of plaintiff's Constitutional rights. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985). A Section 1983 action can be brought against a "person" assuming the plaintiff can establish that the defendant was personally responsible for the deprivation of a Constitutional right. *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). To be personally responsible, the official "must know about the conduct and facilitate it, approve it, condone it or turn a blind eye." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). FREDRICKSON's complaint alleges substantial personal participation by Kaptur at paragraphs 13, 14, 16A, B, C, 17A, H, I, 19, 21, 22, 23, 24 and 26. Furthermore, Defendants' assertion that Plaintiff's claims stem from her non-reappointment misrepresents the allegations within FREDRICKSON's complaint that she was first unlawfully removed on July 13, 2007 and then replaced on July 17, 2007.

## VII - Defendants Are Not Entitled to Dismissal Based Upon a Qualified Immunity

To determine if an official is entitled to qualified immunity, the Court must first review the facts showing the official violated a Constitutional right in a light most favorable to the Plaintiff, and secondly, look to see if the right was clearly established at the time of the alleged violation. *Finsel v. Cruppenink*, 326 F.3d 903, 906 (7th Cir. 2003). A Constitutional right is clearly established if the Plaintiff can show that in light of preexisting law the unlawfulness is apparent. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 620 (7th Cir. 2002). Plaintiff is not required to produce a case that is "directly on point" in order to overcome defendant's assertion of qualified immunity. *Nabonzy v. Podlesny*, 92 F.3d 446, 456 (7th Cir. 1996). As for FREDRICKSON's First Amendment claims, it is clearly established that a public employee may not be discharged on a basis that infringes that employee's Constitutionally protected interest in freedom of speech. *Rankin v. McPherson*, 483 U.S. 378, 383, 107 S.Ct. 2891 (1987). As in the *Kiddy-Brown* decision, the record as now established does not allow for the "policy maker corollary to the Pickering analysis." *Kiddy-Brown v. Blagojevich*, 408 F.3d at 359. In regard to FREDRICKSON's patronage claim, it was sufficiently clear at the time FREDRICKSON was dismissed that a reasonable official would have understood that a political affiliation was not an appropriate requirement for a position of village clerk as described within FREDRICKSON's

complaint.  *Kiddy-Brown*, 408 F.3d at 356.  It has long been clear that the First Amendment forbids politically-motivated patronage dismissals of certain employees.  *Flenner*, 107 F.3d at 462; *Mitchell v. Randolph*, 215 F.3d 753, 757 (7th Cir. 2000); *Elrod*, 427 U.S. 347, 356, 96 S.Ct.2673, 2681 (1976).  Most recently, the 2006 decision of *Wilhelm v. City of Calumet City, Ill.*, 409 F.Supp.2d 991, 1000 (N.D.Ill. 2006) is directly on point for the proposition that a city clerk is not an exempt employee for purposes of First Amendment analysis.  Defendants had no reason to believe that FREDRICKSON's position as Village Clerk required party affiliation as an appropriate requirement for the performance of her job.  Additionally, the cases cited above of *Carlson*, 374 F.3d at 464; *Matlock*, 932 F.2d at 6065; *Thornburg*, 155 F.Supp.2d at 990; and *Meeks*, 779 F.2d at 421 should have put Defendants on clear notice that what they did violated FREDRICKSON's First Amendment Rights.  It is also important to note that in this case Defendants do not contest that FREDRICKSON's speech was protectable First Amendment speech.

FREDRICKSON's due process claim was also clearly established by law as set forth above.  The Illinois Municipal Code and Election Code clearly pronounce that a village clerk is to be elected and not appointed absent one unique exception when a municipality has fewer than 5,000 inhabitants.  Furthermore, Nowaczyk failed to follow any statutory or code provision when he terminated FREDRICKSON on July 13, 2007.  Nowaczyk could have at least attempted to follow one statutory or regulatory procedure or the other.  Nowaczyk did neither.  Rather, he took the law into his own hands by effectuating an unlawful dismissal on July 13, 2007 and thereby preventing FREDRICKSON from fulfilling her term.  A fair reading of FREDRICKSON's complaint in totality establishes that both Nowaczyk and Kaptur were malicious in their intent and held a retaliatory animus.  FREDRICKSON's complaint is replete with factual allegations that Nowaczyk and Kaptur purposely acted above the law.

## CONCLUSION

In conclusion, Plaintiff requests that Defendants' Motion to Dismiss be denied in its entirety.  In the alternative, Plaintiff seeks leave to amend as may be necessary to set forth additional factual allegations in support of  Plaintiff's claims.


Respectfully submitted,


/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for Susan Fredrickson


## CERTIFICATE OF SERVICE

Justin R. Gaffney certifies that on February 1, 2008, he e-filed the above and foregoing **Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss**, via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court.  The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.


/s/ Justin R. Gaffney
Justin R. Gaffney
Attorney for Plaintiff


Glenn R. Gaffney  (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200