UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Susan Fredrickson, | ) | |
|                  Plaintiff, | ) | Case No. 07C 6157 |
| v. | ) | |
| | ) | Judge John F. Grady |
| Village of Willow Springs, Alan Nowaczyk | ) | |
| and Annette Kaptur, | ) | Magistrate Judge Nolan |
|                  Defendants. | ) | |

**MOTION TO STRIKE PLAINTIFF'S RESPONSE
TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

Now come Alan Nowaczyk and Annette Kaptur, certain of the Defendants herein, by their attorney John B. Murphey, and move to strike "Plaintiff's Response to Defendants' 12(b)(6) Motion to Dismiss. In support of this Motion, Defendants state:

1. Plaintiff has filed a Complaint. Defendants have filed their Motion to Dismiss and Supporting Memorandum.

2. The Motion and Supporting Memorandum address the allegations set forth in the Complaint.

3. Plaintiff's Response is actually a *de facto* First Amended Complaint. Among other things, Plaintiff has attached a copy of the Willow Springs "Personnel Policy Manual." Plaintiff then attempts to argue that (i) the Personnel Policy covers Plaintiff; and (ii) that the Personnel Policy constitutes an enforceable contract giving rise to a property interest.

4. This is an attempt to plead an entirely different claim than that set forth in the Complaint. This is an attempted amendment to the Complaint without leave of Court. Nowhere in the Complaint does Plaintiff allege that she possesses a property interest in a continued reappointment as Village Clerk by virtue of Village Personnel Manual.

5. Plaintiff's Response and Supporting Memorandum is in blatant violation of the Federal Rules of Civil Procedure with respect to amending the Complaint. A plaintiff cannot attempt to raise a whole new set of allegations in response to a Motion to Dismiss. Thompson v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989) (noting that it is a "basic principle that a Complaint may not be amended by the briefs in opposition to a Motion to Dismiss"). The "Personnel Policy" allegations go far beyond the addition of some new facts which are consistent with the overall theory of the case. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000). These new substantive allegations raise a whole new set of facts and set of allegations outside the scope of the original Complaint. This is an entirely new claim and it is impermissible to raise a new claim in a Memorandum opposing a Motion to Dismiss.

6. Accordingly, the answering Memorandum of the Plaintiff should be stricken. Should Plaintiff seek to advance the "Personnel Property/Property Interest" theory, she should do so by way of filing a Motion to Amend the Complaint. Although granting leave to amend should be freely granted, we ask the Court to inquire of Plaintiff as to the viability of this new theory in light of Section 1.1, "Forward," as set forth in the Personnel Policy Manual. Plaintiff's Exhibit 2, Article I, Section 1.1. The Manual specifically disclaims the creation of any contract:

> Nothing in this manual shall be construed to (1) give any employee of the Village any right to continuation of benefits … (2) be evidence of any agreement or understanding expressed or implied that the Village will employ or continue to employ any particular employee … or (3) create any rights, and therefore nothing contained herein represents any type of contract of employment.

Accordingly, Defendants respectfully pray that this Court strike Plaintiff's Response to the Motion to Dismiss. The Court should then inquire of Plaintiff with respect to whether she desires to amend the Complaint to advance any new theories.

3

        Alan Nowaczyk and Annette Kaptur

        By:   /s/ John B. Murphey

JOHN B. MURPHEY
ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Glenn R. Gaffney | Michael J. McGrath |
| Justin R. Gaffney | Burton S. Odelson |
| Gaffney & Associates | Michael Joseph Hayes, Jr. |
| 1771 Bloomingdale Road | Odelson & Sterk, Ltd. |
| Glendale Heights, Ill. 60139 | 3318 West 95th Street |
| | Evergreen Park, Ill. 60805 |

      /s/   Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for Alan Nowaczyk and Annette Kaptur
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191