IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN FREDRICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 CV 6157 |
| v. | ) | |
| | ) | Judge John F. Grady |
| VILLAGE OF WILLOW SPRINGS, | ) | |
| ALAN NOWACZYK, and | ) | Magistrate Judge Nan R. Nolan |
| ANNETTE KAPTUR, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' 12(b)(6) MOTION
TO DISMISS AND MOTION FOR EXTENSION OF TIME TO REPLY**

Plaintiff, SUSAN FREDRICKSON, by her attorney, Glenn R. Gaffney, for her Response to the Motion of Nowaczyk and Kaptur to Strike Plaintiff's Response to Defendants' 12(b)(6) Motion to Dismiss and Motion for Extension of Time to Reply, states:

1.      Defendants' Motion to Strike relates solely to one issue at Plaintiff's Count II, paragraph 22. In that paragraph, Plaintiff asserts: "FREDRICKSON had a property interest in her longstanding position as Village Clerk of Willow Springs." Plaintiff acknowledges that paragraph 22 is not supported by other factual allegations with the exception of paragraph 8, which relies upon provisions of the Illinois Municipal Code pertaining to the election of a village clerk for an Illinois municipality with an excess of 5,000 inhabitants. However, under Federal notice pleading standard, Plaintiff's statement need only give Defendants fair notice of what the claim is and the grounds upon which it rests. F.R.C.P. 8 (a)2; *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Defendants filed as part of their Motion to Dismiss, certain village ordinances. This Court can consider village ordinances without converting Defendants' 12(b)(6) Motion into a Motion for Summary Judgment. *Minch v. City of Chicago*, 486 F.3d 294, 299 (F.N.3) (7th Cir. 2007). Likewise, Plaintiff has attached to her Response, a Village Personnel Policy Manual which has been adopted by resolution of the Village Board. Section 5.12 of that policy provides "no Village employee may be…dismissed …on the basis of his/her political activities or views." Although Plaintiff acknowledges that she did not reference that policy at

paragraph 22 of her Complaint, this Court can take judicial notice of the Village policy adopted by Village resolution, just as Defendants assert that this Court can take judicial notice of village ordinances. Additionally, Plaintiff has asserted within her Response to Defendants' 12(b)(6) Motion to Dismiss that dismissal is improper, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Straus v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Plaintiff denies that her Response to Defendants' 12(b)(6) Motion is an attempt to set forth "an entirely different claim" but rather the policy manual adopted by corporate resolution supports Plaintiff's assertion at Count II, paragraph 22, that she had a property interest in her longstanding position of Village Clerk of Willow Springs.

      2.      As set forth more fully at IV of Plaintiff's Memorandum filed in response to Defendants' Motion to Dismiss, support for FREDRICKSON's allegation at Count II, paragraph 22 that she had a property interest in her position is supported the Illinois Municipal Code as read in *pari materia* with the Illinois Election Code, which confirms that as a municipal clerk for a municipality in excess of 5,000 inhabitants she was subject to replacement only after her replacement was duly elected. Also, as an officer and an employee of Willow Springs, she was protected from politically motivated dismissal pursuant to the Village's personnel policy which was adopted by corporate resolution. Either foundation for FREDRICKSON's property interest claim at paragraph 22 defeats Defendants' 12(b)(6) Motion and moves this case along to the next level. Defendants have not seen fit to respond to FREDRICKSON's other contentions supporting her Federal claims and it should now be obvious to Defendants and this Court that FREDRICKSON's claims are not subject to 12(b)(6) dismissal. Defendants' foot dragging and failure to otherwise reply to FREDRICKSON's other arguments in support of her Federal claims is indicative that 12(b)(6) dismissal is inappropriate.

      3.      In Paragraph 6 of Defendants' Motion to Strike, Defendants assert that the "forward" language of the personnel policy has words of disclaimer. Anticipating this reply, FREDRICKSON has already addressed that issue at pages 11 and 12 of her Response Memorandum. The disclaimer language does not save Defendants from the specific representation that she was not to be dismissed for her politics.

      4.      Acknowledging that she did not specifically reference the policy manual within the factual portion of the allegations contained within the Complaint, Plaintiff's response to

Defendants' 12(b)(6) Motion concludes, "In the alternative, to the extent that this Court determines that additional pleadings by Plaintiff may be necessary to support Plaintiff's cause of action, Plaintiff seeks leave to amend so as to more fully set forth facts in support of Plaintiff's claim."  Plaintiff stands ready, willing and able to file an amended complaint, more specifically referencing the personnel policy of the Village adopted by Village resolution, should this Court deem that additional step necessary to proceed further.  However, it would be more expeditious for all of us if this Court would deny Defendants' motion to dismiss without prejudice to Defendants' right to raise these same issues when the factual record is flushed out at trial or summary judgment.

      WHEREFORE, Plaintiff requests that Defendants' Motion to Strike be denied and that this Court deny Defendants' 12(b)(6) Motion to Dismiss.  In the alternative, Plaintiff seeks leave to file an amended complaint, within seven days.

                                    /s/Glenn R. Gaffney
                                    Glenn R. Gaffney
                                    Attorney for Susan Fredrickson

**CERTIFICATE OF SERVICE**

      Justin R. Gaffney certifies that on February 22, 2008, he e-filed the above and foregoing **Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Response to Defendants' 12(b)(6) Motion to Dismiss and Motion for Extension of Time to Reply**, via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

                                      /s/ Justin R. Gaffney
                                      Justin R. Gaffney
                                      Attorney for Plaintiff

Glenn R. Gaffney  (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
Attorney No. 6180598
(630) 462-1200