# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6157 | **DATE** | April 2, 2008 |
| **CASE TITLE** | Fredrickson v. Village of Willow Springs | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Strike Plaintiff's Response to Defendants' 12(b)(6) Motion to Dismiss (29) is denied. Defendants have until April 16, 2008 to file their reply in support of their motion to dismiss.

___x_ [ For further details see text below.]

Docketing to mail notices.

:00

## STATEMENT

Defendants have moved to strike plaintiff's Memorandum in Response to Defendants' Motion to Dismiss on the ground that it alleges new facts concerning the Village of Willow Springs' personnel policy manual. Defendants correctly point out that plaintiff cannot amend her complaint in her opposition to defendants' motion to dismiss. See Thompson v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989). On the other hand, she may allege new facts consistent with the allegations in her complaint. See Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992); Early v. Bankers Life & Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992). Other courts in this district have reconciled these two lines of authority by distinguishing between response briefs that allege new facts and those raising entirely new claims. See Milazzo v. O'Connell, 925 F.Supp. 1331, 1340 (N.D. Ill. 1996). In Milazzo, the plaintiff alleged in her complaint that she had a property interest in her continued employment based upon certain provisions of her employer's personnel policy manual. Id. at 1338. In her opposition to the defendants' motion to dismiss, she alleged for the first time that her employer had orally promised that she could retain her job "so long as she performed at the level she had in the past." Id. at 1339. The Milazzo court concluded that these new allegations were permissible because they were consistent with the allegations in the complaint and supported the plaintiff's existing due-process claim. Id. at 1340 ("Milazzo's complaint adequately describes her procedural due process claim, and she is not forbidden from alleging new facts, or even new legal theories about that claim, in her response brief."). Milazzo is squarely on point. Plaintiff alleges in her complaint that she has a property interest in her position as Village Clerk based upon her reading of the Illinois Municipal Code. (Pl. Compl. ¶¶ 8, 22-26.) As another ground supporting her alleged property interest, she now cites certain provisions of the Village's personnel policy manual. (Pl. Opp'n at 11-12.) This new allegation is consistent with the complaint and supports plaintiff's existing due-process claim. It is, therefore, permissible.

Defendants' Motion to Strike Plaintiff's Response to Defendants' 12(b)(6) Motion to Dismiss (29) is denied. Defendants have until April 16, 2008 to file their reply in support of their motion to dismiss.